DEBT.

## Cutter & Co. *vs* Reynolds.

Case 148.

8bm 596
e109 623

APPEAL FROM THE JEFFERSON CIRCUIT.

*Pleading. Composition.*

September 27.

JUDGE BRECK delivered the opinion of the Court.

The plaintiff's demand.

W. B. REYNOLDS, assignee of J. H. Reynolds, sued Cutter & Co. by petition and summons, upon a note for $1,347 55. Judgment having been rendered for the plaintiff, the defendants have appealed to this Court.

The defendants plead substantially as follows: "That on the 12th December, 1846, before the assignment of the note sued on, J. H. Reynolds, together with other creditors of defendants, bound himself and promised defendants in writing in substance as follows: 'We, the undersigned, confidential creditors of B. G. Cutter & Co. of Louisville, Ky. agree with them that should their

The defence made demurrer thereto and demurrer sustained.

eastern confidential creditors consent and agree, that upon having seventy five cents in the dollar of their respective debts and liabilities, paid or secured by notes at ———, to release the balance, we will do the same, and so bind ourselves, our executors and administrators. Witness our hands ———, 1846."

"Now defendants say that their eastern confidential creditors did, on the —— day of ———, 1847, which was as early as it could be done, and before the commencement of plaintiff's suit, and of which plaintiff had notice before the commencement of said suit, consent and agree, upon having seventy five cents on the dollar of their respective debts and liabilities, paid or secured by notes at six, twelve and eighteen months, to release the balance, and defendants aver that thereafter, on the second day of August, 1847, and as soon as they could and in a reasonable time, they made up a statement of their debts and liabilities to plaintiff, amounting to ———— dollars, which he admitted to be correct, and then and there were ready, and offered to secure seventy five cents on the dollar of the same, by notes at six, twelve and eighteen months, but plaintiff replied that it was needless to secure seventy five cents on the dollar of said debts and liabilities of plaintiff, by notes at six, twelve and eighteen months; that if said seventy five cents was so secured, he would not accept the same, and demanded of defendants, that in addition to the seventy five cents on the dollar, they should execute their notes to him for a larger sum, and prevented and would not permit defendants to secure seventy five cents on the dollar of plaintiff's debts and liabilities, by notes at six, twelve and eighteen months; and that all this occurred before the commencement of plaintiff's suit, and that the note sued on is one of the debts mentioned in the writing aforesaid, and this they are ready, &c."

Whether the Court below was right or not, in sustaining a demurrer to this plea, presents the main question for consideration.

It is conceded that the doctrine is well settled that the acceptance of a less sum, or the agreement to ac-

It is well settled that the acceptance of a less

sum than is due, or an agreement to accept it, is no bar to a suit for the sum due, where there is no other consideration.

Where a writing expresses a consideration on its face, it excludes the inference that there was any other.

Plea setting up an agreement by part of the creditors of an individual to take 75 cents on the dollar of his debt, upon condition or in consideration the *confidential creditors* of the defendant to the east would do so likewise, is not valid as a composition or agreement.

cept, does not bar a demand for a greater, when there is no other consideration.

But it is insisted that the agreement relied on in this case, to accept seventy five cents on the dollar, being reduced to writing, imports a consideration, and is, upon that ground, valid.

2dly. That it is a composition or compounding contract with creditors, and as such, is binding.

In regard to the first position, it is true that under our statute, raising unsealed to the dignity of sealed instruments, an agreement in writing imports a consideration. But we are of opinion the agreement in question has a consideration expressed upon its face, and although bad or insufficient, that it excludes the idea of any other, and no other is to be inferred.

Reynolds agrees, upon condition or in consideration that the defendants' eastern confidential creditors consent and agree upon the terms named, to release the balance of their demands, he would do the same, or would, upon the same terms, release the balance of his demands upon the defendants. The agreement then, we think, imports no other consideration than appears upon its face, no other is to be presumed, and no other is averred in the plea.

The question then is, whether it is valid and binding as a *composition* or as an agreement to compound with creditors? We think it is not so in its terms, and if susceptible of being rendered so by averment, that the defendants have failed to do it in their plea.

It does not show that the defendants were insolvent or in embarrassed circumstances, an essential element in a *composition*. Nor is it averred that such was the case.

It does not show, nor is it averred that the eastern confidential creditors were induced even to *agree* to release a portion of their debts, much less to release them by the agreement of Reynolds.

It is not averred that the eastern or other creditors, or that any third person had been or would be prejudiced or surprised by the refusal of the plaintiff to ac-

-cept seventy five cents on the dollar upon his debt, and to release the balance.

Besides, even if the agreement could be regarded as valid, we are not satisfied that the plea shows even an offer by the defendants, to perform its condition, either in a reasonable time or mode.

It was nearly a year after the agreement before they offered to secure seventy five cents on the dollar, and then only by notes at six, twelve and eighteen months.

It is true the doctrine is well settled that where one creditor, by undertaking to discharge his debtor, induces other creditors to accept a composition and discharge the debtor from further liability, he could not afterwards enforce his claim, since it would be a fraud upon other creditors. This principle is recognized in Wood vs Roberts, (2 Starkie's Rep. 368;) Sternman vs Magrues, (2 Campbell, 124;) Bradley vs Gregory, (2 Campbell, 383;) Boothley vs Sowden, (3 Campbell, 174;) Cockshott vs Burnett, (2 Term Rep. 763.) But the defendants have failed to make out such a case, or a case embraced by any principle recognized in the cases cited. The case made out by the plea, is simply an agreement by one creditor to give up a part of his debt if other creditors will agree to give up a part of their debts. Showing no insolvency or inability on the part of the debtors to pay—no release by other creditors—no fraud or prejudice to their rights, or to any third person, and no acceptance by them or even a binding agreement to accept of any stipulated compound.

The case is analogous to that of Heatherall vs Crookshanks, (2 Term Rep. 24;) and of Fitch vs Sutton, (5 East, 230.) In the first of these cases it was held that an agreement between a debtor and his creditors, that they will accept a composition in satisfaction of their respective debts, to be paid in a reasonable time, could not be pleaded to an action brought by one of the creditors to recover his whole demand. That a mere agreement to accept, unless they had afterwards accepted the composition, was a nudum pactum.

Our conclusion is, that the plea is insufficient, and that the demurrer was properly sustained.

CUTTER & Co.
vs
REYNOLDS.

compound, without farther averment showing embarrassment of defendant and agreement of like character by eastern creditors.

Where creditors agree to a composition, a part cannot afterwards enforce their whole demand. It is a fraud upon the others who have united in the compounding.

An agreement to accept a composition is not binding, it is but a nudum pactum: (2 Term Rep. 24; 5 East, 230;)

Two other pleas were filed by the defendants, but as the one disposed of embraces every thing which either of them contains, they need not be further noticed.

Wherefore, the judgment is affirmed.

*Fry & Page* for appellants; *Duncan & Ripley and Robertson* for appellee.