Andrews v. Hayden's Adm'r.

CASE 71—PETITION ORDINARY—APRIL 20.

# Andrews v. Hayden's Adm'r.

APPEAL FROM NELSON CIRCUIT COURT.

1. PRACTICE—INTRODUCTION OF TESTIMONY.—On the trial of a case presenting several issues that, if tried singly, would shift the burden, the court has much discretion in prescribing the order of proof; and, as a general rule, the plaintiff, on whom the burden is cast on the issue vital to the recovery, will be required to conclude the entire case on all the issues. But as to any issue upon which the burden would be on the defendant if it were the only defense presented, the plaintiff should be allowed to introduce testimony by way of rebuttal, although in chief.

   In this action upon a promissory note, in which the defenses were *non est factum* and no consideration when the defendant rested, testimony offered by the plaintiff in rebuttal, upon the issue of no consideration, was competent, although in chief.

2. CONSIDERATION FOR NOTE.—The note itself, if genuine, was *prima facie* evidence of a consideration.

3. EVIDENCE AS TO TRANSACTION WITH DECEDENT.—The obligor in the note being dead, the plaintiff in this action against his administrator was not competent to testify as to the consideration for the note.

4. PROOF OF HANDWRITING BY COMPARISON.—Prior to the act of May 17, 1886, the rule of evidence in this State forbade the proof of handwriting by comparison, but under that act such evidence is now competent, with certain restrictions.

5. SAME.—The court erred in permitting the submission to the plaintiff's witnesses of spurious signatures prepared by an expert for that purpose, as they were executed with such skill as to deceive any ordinary observer, or those having no other experience than their familiarity with their neighbor's handwriting. This was neither a just nor legal test, and threw no light on the issue presented.

6. PREJUDICIAL ERRORS.—As the law and facts were submitted to the court, this court will not reverse for errors in admitting incompetent testimony, as it is satisfied that the incompetent testimony thus admitted did not control the decision of the lower court.

JOHN W. LEWIS AND GEORGE S. FULTON FOR APPELLANT.

1. Where the two defenses, "*non est factum*," and "no consideration," are presented, it is error to require the plaintiff to introduce all his evidence as to both issues in chief.

2. It was error to refuse to allow plaintiff to testify in rebuttal as to the consideration of a note after evidence by defendants' witnesses of conversation with plaintiff as to the consideration.

3. On an issue of the genuineness of handwriting, other writings are competent in evidence only when their genuineness is established to the satisfaction of the trial judge, and that they were written before any controversy arose as to the genuineness of the writing in dispute, and notice previously given to the opposite party of the intention to offer in evidence and an opportunity given to inspect. (Civil Code, section 604.)

4. Spurious writings are never competent in evidence on such issue. (McAllister v. McAllister, 7 B. M., 270; Hawkins v. Grimes, 13 B. M., 264; Northern Bank v. Buford, 1 Duvall, 339.)

JOHN D. WICKLIFFE for appellee.

1. It is competent on the cross-examination of a witness, who testifies to the genuineness of a signature, to test the value of his evidence by submitting for his opinion both genuine and simulated signatures. (Greenleaf on Ev., volume 1, sections 446, 576.)

2. For the purpose of refreshing his memory, a witness may refer to written memoranda made by himself. (Greenleaf on Ev., volume 1, section 436.)

3. The burden of proof being on plaintiff in one of two issues, he is compelled to offer in chief all of his evidence as to both. (Civil Code, section 317.)

4. A plaintiff is not competent to testify in his own behalf in reference to transactions with one who is dead, so as to bind the decedent's estate. (Civil Code, section 606.)

JUDGE PRYOR delivered the opinion of the court.

This action was instituted in the court below on a note for $2,385, purporting to have been executed by R. B. Hayden, in his lifetime, to the appellant, Andrews, and, Hayden being dead, is presented against his personal representatives.

The administrators declined to pay the note and have pleaded *non est factum* and a want of consideration, and on the trial, the law and facts having been submitted to the judge, a judgment was rendered for the defendants on both issues.

The errors complained of consist in the admission, as

appellant contends, of incompetent testimony, and in refusing to allow the appellant to testify as to the real consideration, the obligor, Hayden, being dead.  On the plea of *non est factum*, the burden rested upon the appellant to show the execution of the note by the appellee's, intestate, and having the burden in that issue the court held that the plaintiff should conclude his evidence as to both defenses before the defense was called on to make good the defense of no consideration.  In the trial of a case presenting several issues that, if tried singly, would shift the burden, the court must necessarily be given much discretion in prescribing the order of proof, and as a general rule the plaintiff, on whom the burden is cast on the issue vital to the recovery, will be required to conclude the entire case on all the issues.  Cases, however, may arise where the affirmative of an issue rests with the defense, and to require the plaintiff to first establish the affirmative proposition essential to his recovery and then to negative the defense would, in some cases, work much hardship to the plaintiff; and to obviate this dilemma in which he has been placed by the defense, he should be allowed to introduce testimony by way of rebuttal, although in chief on the issue, where the burden of the only defense presented would be on the defendant.

In this case, the appellant having introduced testimony conducing to show the execution of the note by the intestate of the appellees, the note itself, if genuine, was *prima facie* evidence of a consideration.  He could not well anticipate the character of the testimony that would be introduced by the defense to show a want of consideration, and, therefore, when the defense rested on that

Andrews v. Hayden's Adm'r.

issue, testimony in rebuttal was competent, although in chief. But, has the appellant been prejudiced by the ruling of the court below on this question? The testimony of the appellant was offered with a view of showing the transaction between himself and the dead man, with a view of fixing a liability on his estate. Such testimony was incompetent, for the reason that the obligor, being dead, can not testify to a transaction that took place between himself and the witness, who is the plaintiff and seeking to charge his estate. The provisions of the Code, so often referred to in other cases, makes the plaintiff in such a case an incompetent witness.

The appellant was given the widest range in the attempt to show his pecuniary condition and the ability on his part to furnish the intestate with the money said to have been loaned him and evidenced by the execution of the note, and the court below, considering the entire testimony, adjudged in favor of the defense on the plea of no consideration. There was no competent testimony offered that was excluded by the trial judge, and the mere order of proof could not have prejudiced the appellant.

On the trial of the issue of *non est factum*, the court below adjudged against the appellant, deciding both issues for the defendants. When witnesses were examined by the appellant touching the genuineness of the hand-writing of Hayden to the note in controversy, and who were his neighbors and some of them familiar with his handwriting, a number of spurious signatures to writings were intermingled with writings containing the genuine signature of the intestate, and on cross-examination the witnesses for the plaintiff were asked to select from those

writings such as contained the genuine signatures of Hayden. This they failed in some instances to do, and, in fact, it would have been difficult for the most experienced expert to have detected the difference between the genuine and spurious signatures This mode of testing the knowledge of the witnesses as to the handwriting of the intestate was objected to by the appellant at the time, and his objections were disregarded. Prior to the act of May 17, 1886, the rule of evidence in this State forbade the proof of handwriting by comparison, but under that act such evidence is now competent, with certain restrictions. The genuineness of the writing with which the signature or writing in controversy is to be compared, " should be proved to the satisfaction of the judge by other than opinion evidence." It must also appear to the satisfaction of the judge that the writings offered for comparison " were written before any controversy arose as to the genuineness of the writing in dispute, and that no fraud was practiced in their selection." The party proposing to introduce such writings must give reasonable notice of his intention to the opposite party or his attorney, with reasonable opportunity to examine them before the commencement of the trial.

The admission of these spurious signatures, prepared by an experienced expert, for the purpose of being presented to the witnesses for the plaintiff, was manifestly wrong. They were executed with such skill as to deceive any ordinary observer, or those having no other experience than their familiarity with their neighbor and his handwriting. Such writings should have been excluded because tending to obstruct the proper adminis-

tration of the law, and deceiving, by the skill in their execution, the minds of honest men. It was neither a just nor legal test, and threw no light on the issue presented. This testimony could not have controlled the trial judge in his decision of the case, and we are satisfied, with all the facts before him, he must have refused to consider testimony which was incompetent, and considered alone that which enlightened him on the issue. With the facts of this case, excluding the incompetent testimony, which he doubtless did, was his judgment proper? The appellees' intestate was a man of means and in a condition, as this record shows, to become a lender instead of a borrower of money. The holder of this note was a man of limited means and living upon the proceeds of his daily labor, was pecuniarily embarrassed, or, at least, often without means to pay the ordinary expenses of life. His own version of how this money loaned had been obtained and every fact and circumstance connected with this case forbid the conclusion that the intestate of the appellees owed the appellant any sum of money whatever. We have read the testimony carefully, and in disposing of this case as the trial judge below, excluding all the testimony that was incompetent or irrelevant, and the judgment should have been rendered for the defendants.

There is nothing in this record showing that the judgment was the result of a misconception of the law, for if such was the case we would reverse it, although satisfied from the facts that no recovery should be had. The experience of every one familiar with the trial of such cases, where the law and facts are submitted to the court,

has taught him that much evidence is often introduced that the trial court would not permit to go to the jury, because of the ability of the judge to take the grain from the chaff and to decide the case alone upon the law and such testimony as is proper to be considered. If the errors committed were such as would likely have controlled the court in its decision, another trial would be granted; but upon the facts as presented, the judgment must be affirmed.