CASE 90—ACTION ON A PROMISSORY NOTE—JANUARY 18.

## Smith, &c. v. Doherty, &c.

APPEAL FROM WARREN CIRCUIT COURT.

JUDGMENTS FOR DEFENDANTS AND PLAINTIFFS APPEAL. AFFIRMED.

PLEADING—INCONSISTENT PLEAS—EVIDENCE—COMPETENCY OF WIFE AS WITNESS—CONSIDERATION RECITED IN NOTE.

Held: 1. The pleas of *non est factum* and no consideration are not inconsistent, as the proof of one does not necessarily disprove the other; and therefore, where both are made, the defendant will not be required to elect.

2. Where *non est factum* and no consideration are pleaded as defenses to an action on a promissory note, evidence as to the financial condition of the parties at the time the note was executed is admissible.

3 In an action by husband and wife on a note executed to them jointly, in which the defendant pleaded *non est factum* and no consideration, the wife, under Civil Code Practice, section 606, was a competent witness.

Smith, &c. v. Doherty, &c.

4. The rejection of such evidence was harmless error, as it would not have been material enough, in view of other evidence, to alter the finding of the jury.

5. Where a note recites that it was executed for borrowd money, the payee, in order to recover, must prove the consideration recited.

WILKINS & BRADBURN AND SIMS & COVINGTON, ATTORNEYS FOR APPELLANTS.

1. We contend that the plea of "No consideration," and one of *non est factum*, "are inconsistent, and that the court erred in not sustaining the motion of appellants to require the defendants to elect—and that this is a reversible error. Braun v. Braun, 19 Ky. Law Rep., p. 1814; Rooney v. Tierney, 82 Ky., 253; Civil Code, sec. 113, sub-sec. 4.

CLARENCE U. McELROY, JOHN E. DuBOSE, FOR APPELLEES.

### POINTS AND CITATIONS.

1. Two or more pleas may be made if all may be shown to be true, and are inconsistent only when the proof of one necessarily disproves the other. Maxwell on Code Pleading, p. 397; Boone on Code Pleading, sec. 78; Bliss on Code Pleading, sec. 344; Am. & Eng. Ency. Pleading, vol. 1, p. 857; Pomeroy's Code Remedies, sec. 722.

2. The inconsistency referred to in sections 113, 114, of the Code, is one of fact and not of law.

3. Pleas of *non est factum* and no consideration, are not inconsistent. Nelson v. Broadhack, 100 Am. Dec., 328; Andrews v. Hayden, 88 Ky., 455; James v. Hayden's Admr., 10 Ky. Law Rep., 534; Mulliken v. Mulliken, 23 S. W., 352; Same v. same, 25 S. W., 598; Brann v. Brann, 19 Ky. Law Rep., 1804, criticised.

5. The question made by the plea of *non est factum* is, did A. G. Doherty make a written contract with the appellants, Smiths, whereby he obtained from them $850.00, which he agreed by the paper sued on, to repay to them with interest? The financial condition of both Smith, the payee in the note, and Doherty, the (alleged) maker, at the time of the alleged loan, are circumstances tending to show the ability or inability of the former to make the loan, and the independence or necessity of the latter. The jury have the right to consider all the surrounding circumstances of the parties by way of arriving at the truth of the matter. Bland v. Gaither, 10 Ky. Law Rep., 1033; James v. Hayden, 10 Ky. Law Rep., 537; Jones v. Letcher, 13 B. Mon., 372; Andrews v. Hayden, 88 Ky., 460.

6. The paper sued on and made part of the petition having stated, though unnecessarily, the consideration of the alleged contract, the plaintiffs are bound by it and can recover on no other. Steadman v. Guthrie, 4 Met., 152; Noe v. Keen, 5 Ky. Law Rep., 928; James v. Hayden's Admr., 10 Ky. Law Rep., 536; Cutter v. Reynolds, 8 B. M., 598; Flowers v. Flowers, 17 Ky. Law Rep., 1374.

OPINION OF THE COURT BY JUDGE O'REAR—AFFIRMING.

Appellants sued appellees as executors of A. G. Doherty, declaring upon the following promissory note: "$850.00. On the 10th day of March, 1898, I promise to pay to the order of C. C. and Bettie R. Smith eight hundred and fifty dollars, for value received in borrowed money, bearing interest at the rate of six per cent. from date until paid. This March 10, 1896. A. G. Doherty." Appellees, by their answer, interposed the pleas of *non est factum* and no consideration. A motion to compel them to elect between these two pleas was made, but overruled by the court. That action is one of the grounds urged here for reversal. On the trial the jury found for appellees that "they believed the note sued on was without consideration, and therefore they found for defendants." During the trial, evidence was admitted by the court, over appellants' objections, as to the financial condition of the testator, A. G. Doherty, and of the appellants at the time of the alleged loan. It being a circumstance of value to the jury as to whether appellants had, or probably had, as much as $850 at the date of the supposed loan, appellant Bettie R. Smith offered herself as a witness to prove that on March 10, 1896, her husband started to Bowling Green, and took from its hiding place at their home $850 in currency, which belonged to both appellants, and took it with him. This testimony was excluded by the trial court. In instructing the jury the

court gave the following, which is objected to by appellants: "(2) Unless the jury believe from the evidence that said note was executed by A. G. Doherty, and that it was executed in consideration of money borrowed by him of plaintiff, as expressed in said note, they should find for defendants." We will review these questions in the order presented.

Section 113, of subd. 4, Civ. Code Prac., provides: "If, however, a party file a pleading which contains inconsistent statements, or statements inconsistent with those of a pleading previously filed by him in the action, he shall, upon or without motion, be required to elect which of them shall be stricken from his pleading," etc. It is argued by appellants that the pleas of *non est factum* and no consideration are inconsistent, because, they say, the first plea says the testator did not sign the paper; the second one admits that he signed it, but says, in avoidance, notwithstanding such signature, it is without consideration. This is an apparent conflict, but whether it is such inconsistence as was contemplated in the enactment of the section, *supra*, of the Code, requires us to look to the causes for its enactment, and the construction given similar provisions in other States, the exact question here presented never having been determined by this court. On this subject the rule may be stated in the following language: "Two or more pleas may be made if all may be shown to be true, and are inconsistent only when the proving of one necessarily disproves the other." Says Judge Bliss, in his work on Code Pleading (2d Ed., section 343): "This view assumes that defenses are inconsistent only when one in fact contradicts the other, and has nothing to do with a seeming and logical inconsistency which arises merely from a denial and a plea in con-

fession and avoidance." This rule of construction of sections similar to that of our Code above quoted seems to have been adopted in the States of New York, Ohio, California, Missouri, Minnesota, Nebraska and Florida. In Nelson v. Broadhack, 44 Mo., 596; (100 Am. Dec., 328), the court, in discussing the allowance of pleas apparently inconsistent, but where no statement made is inconsistent with another express statement made in the pleas, said: "If we were to limit our statutory allowance of consistent defense by the strict logic of the old special pleas in bar, all special defenses would be cut off when the cause of action was denied, for such special defenses are technically supposed to confess and avoid, although in fact they may not confess at all. Such an interpretation of the statutes should not be adopted if there is any other that will give the party his clear right to several defenses. A special defense is not necessarily inconsistent with denial. For instance, suppose A. sues B. on a promissory note. B. denies its execution in the nature of a special *non est factum*, under the old system, and afterwards alleges payment or release. He did not thereby deny the existence of the paper; and an averment of payment, or any other matter of discharge, is not necessarily inconsistent in fact with original nonliability, for men sometimes adjust demands for which they are not liable. If, notwithstanding, the demand is put in suit, it would be unjust to deprive a defendant of every lawful defense. Some interpretation, then, of the term 'consistent defenses' should be adopted, if possible, that shall be consistent with the statute, and secure the rights of full defense. That right will be secured if the consistency required be one of fact merely, and if two or more defenses are held to be inconsistent only when the proof of one disproves the other."

In this State this court seems to have had under casual consideration, but has never directly determined, this question. In Andrews v. Hayden's Adm'r, 88 Ky., 455, (11 S. W., 428), the facts were quite similar to those shown here. The opinion of the court, in stating the defenses in that case, shows that both the pleas here presented were presented in that case. It does not appear that the question of inconsistency was raised, nor did the court determine them. It acquiesced in the pleadings of both of them. In James v. Hayden's Adm'r, 10 Ky. Law Rep., 534, the same defenses were presented as here; and, while the question of their inconsistency seems not to have been raised, yet they are both treated of in the opinion as being defenses that were allowed in that case. In Mulliken v. Mulliken (Ky.), (23 S. W., 352), the plea of *non est factum* was presented, and in the same paragraph the answer contains this statement: "Or that said note has or had any consideration whatever to support it, or that the plaintiff is the owner of said note," etc. The court, per Judge Lewis, said that the statement as to consideration was no more than a "mere argument in support of the plea of *non est factum*, which had, without reply, made issue to be, and that was tried and determined." In considering a petition for rehearing in the same case (see 25 S. W., 598), Judge Pryor spoke for the court concerning that part of the defense quoted above, as follows: "As it appears in direct connection with the plea of *non est factum*, it is merely argumentative, or a conclusion by the pleader that no consideration exists because the note was not signed by the appellant's intestate." The question was not presented or passed upon in that case as to whether the two pleas, if properly made and paragraphed, were so inconsistent, the one with the other, as

to justify motion to elect. In Brann v. Brann (Ky.), (44 S. W., 424), the pleas of *non est factum* and no consideration were presented, and motion to elect was made, and acted on by the lower court; but in reviewing that case the court expressly failed to decide the question, stating that, in view of the court's conclusions in the case on other points named, "the ruling of the lower court is not material." It follows, then, that the pleas were not inconsistent, and the court properly overruled the motion requiring defendant to elect.

2. As to the admission of the evidence showing the financial condition of appellees testator and appellants at the time of the alleged loan, which evidence was to show that the appellee was a prosperous farmer, owning two valuable farms worth over $10,000; also county bonds and notes for loaned money, aggregating between $3,000 and $4,000; and that plaintiffs were people in very moderate circumstances, the male appellant being a carpenter, and working for his daily living; that they had but little property, worth altogether not more than $300 or $400,—were all circumstances that should have been permitted to go to the jury to enable them to test the probability of the truthfulness of the petition and the pleas of the defense. This court, in Bland v. Gaither (Ky.), (11 S. W., 423), admitted similar evidence for the purpose, as the court said, of tending "to show the object of the contract, and the probability that it had been made." In James v. Hayden's Adm'r, 10 Ky. Law Rep., 537, before the superior court, similar evidence was, upon the same plea, held admissible. In Andrews v. Hayden's Adm'r, 88 Ky., 460, (11 S. W., 430), the court, by Judge Pryor, said: "The appellee's testator was a man of means, and in a condition, as this record shows, to become a lender,

instead of a borrower of money. The holder of this note was a man of limited means, and living upon the proceeds of his daily labor; was pecuniarily embarrassed, or at least often without means of paying the ordinary expenses of life." The opinion shows that the above facts were necessarily admitted as competent, and it therefore follows it was properly so in this case.

3. Under section 606 of the Civil Code of Practice, husband and wife may either testify for the other in any action which might have been brought by the wife alone when unmarried. This action might have been brought by the wife, if unmarried, and therefore she was a competent witness, and, as to the testimony it was avowed she would give, to-wit, on the day of the transaction with testator her husband took $850 of their money from its hiding place in their dwelling when he started to town, this would have been competent, we think; but, in view of the facts that were before the jury, we do not believe it would have been material enough to have altered their finding, or to have justified a different conclusion on their part. We therefore hold that the failure to allow the testimony in this case was not prejudicial.

4. As to the second instruction given by the trial court, requiring the jury to find not only that the note was executed by the decedent, but that it was executed in consideration of the money borrowed by him of plaintiff, as expressed therein. In Cutter v. Reynolds, 8 B. Mon., 597, which was an action on a writing, in which writing a consideration was expressed, the court held: "It is true that under our statute raising unsealed to the dignity of sealed instruments, an agreement in writing imports a consideration. But we are of the opinion the agreement in question has a consideration expressed upon its face.

and, although bad and insufficient, that it excludes the idea of any other, and no other is to be inferred." In Flowers' Adm'r v. Flowers (Ky.), (34 S. W., 1071), the action was based upon the following note: "One day after date I promise to pay D. B. Flowers, or order, six hundred dollars, for his two claims against C. W. Flowers —one for surety debt paid T. H. Simmons, and one for surety debt paid Bank of Adairville—both amounting to $818.38. February 15th, 1887. James S. Flowers." The answer pleaded no consideration, and denied the existence of the consideration stated in the note. The instructions of the lower court were to the effect that, unless the jury believed from the evidence that the writing sued on was executed for the consideration stated in it, they must find for the defendant. That ruling was affirmed by this court. We think the instruction was proper. From the foregoing it follows that the judgment below must be affirmed.