## BRIN v. GALE.

(Court of Civil Appeals of Texas. March 18, 1911. Rehearing Denied April 8, 1911.)

1. EVIDENCE (§ 197*) — HANDWRITING — COMPARISON—BASIS.

An extrinsic document not relevant to any of the issues in an action on a note, though containing defendant's genuine signature, both admitted and proved. was inadmissible as a basis for comparison of handwriting to prove that the note sued on was signed by defendant, which he denied.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 681, 681½ ; Dec. Dig. § 197.*]

2. EVIDENCE (§ 197*) — HANDWRITING — COMPARISON.

The rule that it is not competent to prove handwriting by comparison is applicable, except that the jury may examine papers already before them in the case to determine for themselves whether the writing in controversy is genuine.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 681, 681½; Dec. Dig. § 197.*]

3. TRIAL (§ 260*)—REQUESTED CHARGE—INSTRUCTIONS GIVEN.

It is not error to refuse a requested charge fairly embraced in the instructions given.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659 ; Dec. Dig. § 260.*]

Appeal from Kaufman County Court; Thos. R. Bond, Judge.

Action by Edward Brin, as executor, etc., of the estate of P. Brin, deceased, against James Gale. Judgment for defendant, and plaintiff appeals. Affirmed.

C. M. Crumbaugh, for appellant.

BOOKHOUT, J. This suit originated in the justice court of precinct No. 3, Kaufman county, Tex., the original plaintiff being P. Brin, who brought suit on a promissory note for $128, dated September 16, 1908, due six months after date, with 10 per cent. interest

from maturity until paid, said note being signed by the defendant James Gale and payable to one E. H. Rice. Before the case came on for trial, the plaintiff, P. Brin, died, and Edward Brin duly qualified as the executor of his estate. June 14, 1909, the death of P. Brin was suggested to the court, and leave granted for Edward Brin, executor, to be made a party plaintiff. The case was tried in the justice court on pleadings as follows: Plaintiff pleaded the note sued on, and alleged that it had been purchased from one E. H. Rice, the payee, for a valuable consideration before maturity by his intestate, P. Brin; that same was past due and unpaid, and prayed for judgment for his debt, interest, and costs. Defendant Gale pleaded that the note sued on was not executed by him, nor by his authority; that he had never ratified or confirmed its execution, and that it was without consideration; that plaintiff's intestate obtained same without paying a valuable consideration therefor, and not in the due course of trade, and with full notice of the vices and fraud contained in such note. This pleading was sworn to. He also pleaded the general denial. The cause being tried before a jury, a verdict was rendered for the defendant Gale, and plaintiff appealed to the county court. On the 24th day of January, 1910, the case was tried in said county court upon the same pleadings and judgment again rendered for the defendant. Plaintiff in due time filed his motion for a new trial, and, the same being overruled, he excepted and perfected his appeal to this court.

[1] It is assigned that the court erred in excluding from the consideration of the jury the note signed by defendant, Gale, payable to John Clay, said note having been admitted to bear the genuine signature of defendant Gale by the said defendant himself when on the witness stand, and having been further proven to bear the genuine signature of said defendant by the testimony of B. L. Gill, who swore that he saw defendant Gale sign the same. The proposition presented under this assignment is that extrinsic documents may be admitted in evidence and examined by the jury for the purpose of comparison to prove handwriting, when the signature to said extrinsic documents is admitted by the opposite party to be genuine, or is proven by the best evidence to be genuine. This note was payable to John Clay and signed by James Gale, and was offered in evidence for the purpose of having the jury compare the signature thereto with the signature to the note sued on. James Gale admitted that he signed the note payable to John Clay, and B. L. Gill testified he saw Gale sign the Clay note.

The question presented is, Was the note payable to John Clay admitted by Gale to have been signed by him admissible in evidence for the purpose of enabling the jury by a comparison of the signature thereto with the signature to the note sued on to determine whether it bears the genuine signature of James Gale? We think not. [2] The rule in England is that it is not competent to prove handwriting by a comparison of hands. The authorities in this country are conflicting. The English rule seems to have been adopted in this state. Such was the holding of our Supreme Court in the able opinion of Judge Donley, in the case of Hanley v. Gandy, 28 Tex. 211, 91 Am. Dec. 315. This rule has been so far modified as to permit the jury from an examination of papers before them and already in the case to determine for themselves whether the writing in controversy is genuine. Kennedy v. Upshaw, 64 Tex. 411. However, papers, although they contain the defendant's genuine signature, but which are not otherwise relevant to the case, are not admissible in evidence as a basis of comparison to prove the genuineness of the defendant's signature to the note in suit. Cook v. First Nat. Bank, 33 S. W. 998. We conclude the court did not err in refusing to admit the note in evidence.

[3] The sixth assignment of error reads: "The court erred in refusing to give the following special charge asked by plaintiff: 'You are charged that the effect of the failure of James Gale to answer interrogatory No. 2 propounded to him in the depositions taken November 22, 1909, and read in your hearing, is to admit that he did sign the note sued upon. Therefore, if you believe from the evidence that plaintiff's intestate, P. Brin, purchased said note from E. H. Rice before maturity for a valuable consideration, you will find for the plaintiff'—because said charge stated the law of the case and should have been given." It was not error to refuse this charge. It was fairly embraced in the court's charge. The court admitted interrogatory No. 2 propounded to James Gale in evidence, and instructed the jury in his main charge, as follows: "In this case the plaintiff on the 22d day of November, 1909, caused to be filed herein and propounded to the defendant interrogatories, in which the defendant was asked this question, 'In this case you are being sued for the amount due on a promissory note signed by James Gale and given to one E. H. Rice, and transferred by said Rice to Brin, said note being dated September 16, 1908, due six months after date for the sum of $128, and bearing 10 per cent. interest from maturity until paid. It is a fact, is it not, that you signed and delivered to Rice this note?' which interrogatory the defendant refused to answer, and you will consider such refusal as a confession of the matters sought to (be) elicited by said interrogatory in connection with all the other evidence in this case."

It is insisted that the verdict of the jury is wholly unsupported by the record, and that for this reason the court erred in overruling appellant's motion for new trial. We-

overrule this contention. There is evidence to support the verdict of the jury, and we do not feel authorized to set aside their finding.

Finding no reversible error in the record, the judgment is affirmed.