**TEXAS STATE BANK OF FT. WORTH v. SCOTT. (No. 9214.)**

(Court of Civil Appeals of Texas. Ft. Worth. Oct. 16, 1920. Rehearing Denied Dec. 4, 1920.)

1. Evidence ⬅197—Otherwise irrelevant writings inadmissible for comparison with alleged forged checks by jury.

In an action by a depositor who asserted that a bank had paid and charged his account with forged checks, where bank officials testified to the genuineness of the signature to the checks involved, as did other witnesses familiar with the depositor's signature, checks, proven genuine, which were so identified by the bank officials, were improperly admitted for purposes of comparison by the jury with the alleged forged documents, for the admission of such checks would tend to raise collateral issues, and the signature was not an ancient one.

2. Evidence ⬅567—Genuine signature should not be received on cross-examination to knowledge of witnesses.

Where a depositor asserted that checks paid by a bank were forgeries, and bank officials testified to the genuineness of the signature, checks, proven genuine, were not admissible on cross-examination to test the knowledge and good faith of the witnesses by giving basis for comparison.

3. Trial ⬅351(5)—Refusal to submit issue necessarily disposed of by issue submitted not error.

In an action by a depositor, who asserted that a bank had paid and charged his account with forged checks, where it was neither asserted in the pleadings or evidence that the depositor was entitled to recover any other balance, the refusal to submit the issue whether the bank had repaid all of the moneys deposited was not error; it being covered by the issue of forgery.

Appeal from Tarrant County Court; W. P. Walker, Judge.

Action by C. T. Scott against the Texas State Bank of Ft. Worth. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Samuels & Brown, of Ft. Worth, for appellant.

Capps, Canty, Hanger & Short and Phillips & Trammell, all of Ft. Worth, for appellee.

CONNER, C. J. The appellee instituted this suit in the county court against the appellant bank to recover $228.50, with interest thereon, alleging that he was a depositor with the bank, and that the bank had paid out and charged to his account upon forged checks, which were set out in appellee's petition, sums aggregating the said $228.50.

The defendant bank answered that the checks were the genuine checks of the plaintiff; that they had been regularly presented and paid by the bank and properly charged to the plaintiff's account. The issue presented by the pleadings and by the evidence was whether or not the specified checks were forgeries as charged by the plaintiff. The issue was submitted to the jury, and answered favorably to the plaintiff, whereupon the court entered judgment in his favor for the sum of $228.50, with interest and costs of the suit, and the defendant bank has duly appealed.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

It is undisputed in the evidence that the plaintiff was a depositor, and entitled to the balance for which he sued, if, as alleged and as he unequivocally testified, the several checks described in the petition and offered in evidence were forgeries. On the other hand, L. B. Ward and C. F. Karkalits, paying tellers of the appellant bank, and Frank Ball, a filing clerk through whose hands paid checks passed, all examined the disputed checks, and, after having testified to a knowledge of the plaintiff's signature, each testified that the checks bore the genuine signature of the plaintiff, Scott. A Mr. Lee Sherman testified that he had been acquainted with Mr. C. T. Scott, the plaintiff, for some 8 or 10 years; that both the witness and C. T. Scott at one time had worked together for an express company for about 1 year; that during that time the witness saw C. T. Scott sign his name a great number of times, signing for express packages, etc.; that he knew C. T. Scott's signature; and that the checks shown to him (the ones in dispute) each bore the genuine signature of C. T. Scott.

In the condition of the testimony as above detailed, the plaintiff recalled for cross-examination the witnesses Ward and Ball, and submitted to them some 63 different checks, purporting to bear the signature of the plaintiff, Scott, that had passed through and been paid by the defendant bank. Whether those were all the checks drawn by plaintiff on the defendant bank does not appear, nor, if less than all, was the manner of selection of the specimens shown. The witnesses referred to testified that in their opinion these miscellaneous checks severally bore the signature of defendant Scott, and had been in due course of business regularly paid by the bank, after which the plaintiff offered them in evidence, and the court admitted them over the objection of the defendant, and whether these miscellaneous checks were properly admitted in evidence raises the principal, and, it may be said, the only material, question on this appeal.

[1] The objection to the miscellaneous checks referred to was, in substance, that they were immaterial and irrelevant to any issue in the case; that they presented new issues, and constituted an effort to introduce foreign matter for the purpose of having the jury determine facts and handwriting by comparison.

The decisions on the subject are conflicting. In a number of states it seems to be recognized that writings which are admitted to be genuine, although not pertinent to any other issue in the case, may be admitted in evidence for the purpose of determining by comparison whether a particular signature in question is genuine or forged. See R. C. L. p. 993, § 180. One of our earliest cases on the subject is that of Hanley v. Gandy, 28 Tex. 211, 91 Am. Dec. 315. In that case the suit was upon a promissory note, alleged by the pleadings of defendant to have been forged. The plaintiff offered to submit to the jury other notes and signatures of the parties to the note in controversy to prove by comparison the genuineness of the signature to the note sued upon. Such other notes were objected to on the ground that they were not admitted to be genuine, were not papers connected with the cause, and that the jury should not be permitted to decide by a comparison of writings. The objections were overruled, and the papers submitted to the jury with other evidence in the case. Our Supreme Court in disposing of the question said, among other things, that—

"The most satisfactory testimony of handwriting, where the party alleged to have executed the instrument is incompetent to testify is a witness who saw the instrument executed and is able to identify it. The next best testimony is that of witnesses who have seen the party, whose writing is in controversy, write, or have had access to or possession of his writings, so as to impress the character of the writing upon the mind, and are enabled to form an opinion by comparing the impression of the writing on their minds with that which may be submitted for their examination; and, while a comparison is made of the impression on the mind with the paper submitted for examination, it is clear that this is not such a comparison as is referred to when it has been held that it was not competent to prove handwriting by comparison."

And after a rather extended citation and discussion of authority concluded that the objections should have been sustained and the evidence excluded, and accordingly reversed the judgment below and remanded the cause.

Appellee distinguishes the case before us from the case of Hanley v. Gandy on the ground that in the latter case it was noted that the signatures to the extraneous writings were not admitted to be genuine, whereas in the case before us, as contended, it is otherwise. It is to be observed, however, in this connection, that the witnesses to whom the checks were submitted were not tested or offered by either party as experts. On the contrary, these witnesses testified to an actual knowledge of the plaintiff's handwriting, and it is evident that the purposes of the plaintiff in submitting the miscellaneous checks to the witnesses were to prove by them the genuineness of the signatures and to thereafter offer the checks in evidence for the jury's examination and comparison. It is also to be noted that the checks objected to were not admitted to be genuine, but were merely proven to be so by the opinion of the witnesses, and the further fact that they were paid by the bank and charged to plaintiff's account without objection on his part. However, if the distinction insisted upon be admitted to be well grounded, it but tends to remove one of the objections to the admis-

sion of extraneous writing as a basis of comparison (viz. the introduction of an irrelevant issue), and by at least one of our courts has not been regarded as a sufficient answer to the rule announced in Hanley v. Gandy, for in the case of Brin v. Gale, 135 S. W. 1133, one of the latest we have on the subject, by the Court of Civil Appeals of the Fifth District, it was held, in an opinion written by Mr. Justice Bookhout, that an extrinsic document, not relevant to any of the issues in an action on a note, though containing defendant's genuine signature (both admitted and proved) was inadmissible as a basis for comparison of handwriting to prove that the note sued on was signed by defendant.

Another one of our cases on the question is that of Cook v. First National Bank, 33 S. W. 998. It was there held in an opinion by one of our ablest appellate judges, Mr. Justice Neill, now deceased, that papers containing defendant's signatures, but which are not otherwise relevant to the case, are not admissible as the basis for comparison to prove the genuineness of defendant's signature to a note which is not of ancient date. Appellee cites a number of cases in support of the trial court's ruling, such as Eborn v. Zimpelman, 47 Tex. 504, 26 Am. Rep. 315; Smyth v. Caswell, 67 Tex. 567, 4 S. W. 848; Kennedy v. Upshaw & Cox, 64 Tex. 411; Mardes v. Meyers, 8 Tex. Civ. App. 542, 28 S. W. 693. They have been examined, but we think, generally speaking, that they are distinguishable from the case before us as presenting exceptions to the general rule not pertinent in this case. We will not undertake to review them, but in passing note that in one of the cases, Jester v. Steiner, 86 Tex. 415, 25 S. W. 411, a letter was offered as a basis of comparison. Our Supreme Court said that—

"The letter was not admissible as a standard of comparison, upon the ground that it was not a paper of the cause nor admitted to be genuine. It could not be imported into the case for this purpose upon proof."

In another one of the cases cited in behalf of appellee (Smyth v. Caswell, 67 Tex. 567, 4 S. W. 848), it was said, in a headnote, that—

"A paper, not already in evidence and having no connection with the issue to be tried, cannot be introduced to establish a signature in order that it may be compared with a signature the genuineness of which is controverted. To permit such a practice is to raise a collateral issue as to the genuineness of the signature itself, which is to be the basis of comparison. If, however, a paper bearing the admitted signature of the party is already in evidence, it may be made the standard of comparison, in testing the genuineness of another signature."

There are, of course, exceptions to the general rule as indicated by the reference we have made to the opinions cited; such as when the signature is of ancient date, and it may be reasonably supposed that there are no living witnesses able to testify to a knowledge of the handwriting of the person who signed the paper in question, or when the extraneous paper offered as a basis for comparison is already a paper in the cause having some proper relation to the issues involved. But the case before us seems not to present any such exception. The checks offered in evidence have no relevancy to any issue in the case, except to constitute basis of comparison. They were signed during recent dates, and the evidence of witness Lee Sherman indicates that there must be many living witnesses who have a personal knowledge of the plaintiff's signature. Under such circumstances, we think the safest rule is that announced in the case of Hanley v. Gandy. Thereby the case is brought in harmony with that familiar rule of evidence which requires a fact to be proven by the best evidence obtainable, and at the same time prevent the possibility of collateral issues and an unfair and misleading selection of specimens by the litigant offering the extraneous instrument as a basis of comparison.

[2] It may be suggested that the miscellaneous checks under consideration were admissible under the circumstances on cross-examination as tests of the knowledge and good faith of the witnesses in behalf of the bank to whom the checks were submitted. While cases may be found favoring such a contention, we think the contrary view is more in harmony with the modified common-law rule as applied in the case of Hanley v. Gandy, and other cases followed it, hereinbefore discussed. See Gaunt v. Harkness, 53 Kan. 405, 36 Pac. 739, 42 Am. St. Rep. 297; Howard v. Patrick, 43 Mich. 121, 5 N. W. 84; Rose v. Bank, 91 Mo. 399, 3 S. W. 876, 60 Am. Rep. 258; Andrews v. Hayden's Adm'rs, 88 Ky. 455, 11 S. W. 428; Massey v. First Nat. Bank, 104 Ill. 327; Tyler v. Todd, 36 Conn. 218. We accordingly hold that the court erred in admitting the miscellaneous checks referred to.

[3] Appellants also assign error to the court's refusal to submit the issue of whether the defendant bank had repaid to the plaintiff all of the moneys deposited by him. But we think this issue was necessarily and substantially involved in the issue of forgery as actually submitted, and hence the ruling is of no material consequence. This is particularly true in view of the fact that in neither pleading nor evidence does there appear any contention that the plaintiff had any balance in the bank or was entitled to recover, if in fact the checks in dispute were genuine, as the bank insisted.

For the error discussed, it is ordered that the judgment be reversed, and the cause remanded.