## Cornett v. Lark.

(Decided June 13, 1924.)

### Appeal from Harlan Circuit Court.

1. Appearance—Entered by Execution of Bond to Discharge Attachment, and Defendant Cannot Quash Process.—Appearance is entered by defendant by execution of bond to discharge attachment, and he cannot subsequently quash process, in view of Civil Code of Practice, section 690.

2. Frauds, Statute of—Action Held to Lie to Recover Money Loaned in Contemplation of Marriage, though Contract Not in Writing.— Where woman loaned money to man in contemplation of marriage,

without writing, she could recover it in action for money had and received, notwithstanding Ky. Stats., section 470, subsection 5; marriage being merely incident.

3.  Evidence—Love Affairs Held Properly Admitted in Action for Money had and Received.—In action for money had and received, to recover money loaned to defendant, where parties were only ones who knew anything about transaction, and contradicted one another in their testimony, court properly admitted evidence as to love affairs between them, to enable jury to determine which of two it would believe.

4.  Money Lent—Finding of Loan to Defendant Sustained by Evidence.—In action to recover money loaned to defendant, verdict for plaintiff held sustained by evidence, where testimony of parties was flatly contradictory.

J. B. SNYDER and JOHN C. ADKINS for appellant.

HALL, JONES & LEE for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Affirming.

Appellant has superseded and appealed from a judgment recovered against him by appellee. In 1921, appellant, then a student at Valparaiso, Indiana, was operated upon in a hospital in that city for some form of mastoid trouble. There he met and made love to the appellee, a young woman from Finland who came to this country in 1915. Before she came here, she had been trained as a nurse and masseuse, and since coming here she has rendered useful service in the practice or her said professions, and therefrom had earned and saved considerable money. She was actively engaged in the practice of her professions at the above hospital when the appellant met her, and had a good position; but there comes a time in the life of a woman when the heart demands its due and nature asserts its rights, and in the appellant she saw the realization of her hopes and desires, and on February 25, 1921, they became engaged to be married. The next day he left the hospital and in a few days he came to Kentucky. Appellee followed him, and secured employment as a nurse in neighboring places so as to be near him. She says she loaned him $1,000.00 on November 8, 1921, $1,000.00 on January 9, 1922, and $50.00 on another occasion, none of which he has ever repaid to her except the $50.00.

Appellant denies getting any money from her except the $50.00, which he repaid her, but admits visiting her and writing her a vast number of letters, one of which

is in the record and is a rather fervent document. These visits and love letters continued off and on until August 5, 1922, when he mailed her an announcement of his marriage to another woman. Appellee sued him to recover the $2,000.00 she had let him have. There was no written evidence of the transaction. The appellee testified that she loaned him this money, the appellant testified she did not. The jury found for her.

This suit was begun in Harlan county, and process for appellant was issued to Harlan county, but was not executed upon appellant. Process was then issued to Fayette county and served on appellant there on the 15th of September, 1922.

On October 3, 1922, the appellant appeared specially and moved to quash process issued to Fayette county and the sheriff's return thereon. On October 7, 1922, the court overruled this motion to quash, and held that the appearance of the appellant to this cause had been entered by the execution of bond to discharge the attachment. Section 690 of the Civil Code is conclusive of this question.

Appellant next relies upon subsection 5 of section 470 of the statutes, and insists that the loan of this money to appellant by appellee was an agreement made in consideration of marriage and that it is unenforceable because not in writing. This is an action for money had and received, and the receipt by appellant of the money from the appellee was sufficient consideration to support his implied promise to repay it, and to make that implied promise an enforceable contract. This loan and the resulting contract to repay were made in contemplation of marriage, but not in consideration of marriage. The loan is the consideration for the contract to repay. "A contract may have been entered into in contemplation of marriage, yet if the marriage was merely an incident and the contract is supported by other and valuable consideration it does not fall within the statute." 25 R. C. L. 449.

The evidence in this case necessarily took a very wide range, and the appellant contends that the court should not have allowed the appellee to show the money she had saved, or that she had nursed the appellant in a hospital, or had become engaged to marry him, or that she didn't take a note because she thought he would marry her, or that she loved him from the bottom of her heart, or that when he met her in Harlan he promised to

return in two weeks and marry her, or that she received an announcement of his marriage to another woman, mailed in an envelope addressed in his handwriting, or that the shoe box full of letters purporting to have been written by him to her should have been exhibited to the jury.

The appellant in his testimony contradicts all the material part of the testimony of the appellee. These two were the only parties that knew anything about this transaction, and the circumstances enumerated above should have been permitted to go to the jury to enable the jury by weighing and considering them to determine which of these two parties to believe. See Smith, etc. v. Dogherty, etc., 109 Ky. 616; Miller v. Taylor, 165 Ky. 463.

Appellant insists that this judgment should be reversed because the verdict is not supported by the evidence. The jury in this case was properly instructed. The members came from the vicinage of the appellant. They were the friends of his friends. They were citizens of a state of which he was a native. They heard his testimony. They heard the testimony of the appellee. They had opportunity to observe their conduct on the stand. They believed her, and there is no reason that this court should disturb their verdict. This court has affirmed a similar judgment in a similar case, Walker v. Hester, 178 Ky. 342, 198 S. W. 912.

The judgment is affirmed.