OPINION of the Court, by
Judge Loosn. is
-This an action of assusnpsit, founded on a writing for the payment of 501. in salt at two dollars per.butheh hu,t without setting forth or averring in the declaration any consideration. The failure to do this, has been frequently (a) deçi4ed by this court.to be a substantial de. lea. A prqpnise .witkout consideration is not obligatory in 11w, whether evidenced by, or without a writing; and an action cannot be maintained,thereon, unless It be under seal, which, from the solemnity attached tq It by law, implies a consideration; or come within the description of mercantile irstrumeats, which from motives of commerce and public policy are more favored In law. And it need scarcely be observed, that a declaration, to he good, must contain the requisite avermctits of a good'snd valid pontrict. It follows, therefpre, that the declsrntjón in the present case is substantially delective, and the judgment thereon, of consequence erroneous.
Another point presented in this cause Is with respect so the admission of proof of the band writing of the subscribing witness. It is a settled rule, that the sub. scribing witness if living and in a situation to be en-mined, ii only c.mpetent to prove the execution of he writing ; ,but if dead, or in a situation which renders his examination Imprictibablc, as being absent in a lb. reign country, or beyond the reach of the process of the court or the couds control, then proof of his hand writing is competent. The proof in the case before us is, first, that the subscribing witness belonged to the army; and nest, that he was reported to be dead.
I'Ve shall consider the evidence in relation to both these grounds, and whether proof of the hand writing is admissible on either ground.
The evidence with respect to the death of the subscribing witness, is, that he was reported to be dead but the extent of that report is not shown ; whether it was a common report and believed, or was founded on the idle suggestion or mere conjecture of some one and *27 believed by none, is altogether left to the conjecture of the court. Upon evidence thus uncertain and equivocal in regard to the fact whether the subscribing witness was dead, we think proof of his hand writing inadmissible. And the proof with regard to his having belonged to the army, is equally uncertain both as to time and place, to shew that he was in a situation which rendered it impracticable to produce him by the ordinary means of legal proceedings.
What should have been the measure of damages ,in this case, has also been made a question. Upon this point some doubt is entertained, but a majority of the court are of opinion that the court below decided correctly in rejecting evidence as to the price of salt at the time specified in the writing for its payment.
Judgment reversed ; cause remanded, and the plaintiff to have leave to amend his declaration.

Letcher vs. Taylor, vol. 2, 585.