OPINION of the Court, by
Ch. J. Boyle.
rThis was an action of assumpsit upon a note without seal for the payment ot property. The declaration alleges the note to have been made upon a valuable consideration, without setting forth what the consideration wasi* It also alleges that the property was payable on request, and states a special request and refusal to pay. The defendant appeared and offered a plea denying the' special request laid in the declaration 5 but the plaintifF objected to filing it, and the court sustained the tion, to which the defendant excepted. An interlocutory judgment by nil dicit was then taken, and a writ of inquiry being executed a final judgment was given against the defefidMt, to which he prosecutes ⅜⅛ of error.
Tyro questions arise ⅛ this case — 1st, Whether the consideration of the promise laid in the declaration ⅛ sufficiently alleged ? 2d, Whether the plea offered By the defendant ip the action was substantially a good one ? Upon neither of these questions do we entertain any doubt. That an action will not lie upon a note for the 'payment of property, without averring a consideration, is too well settled tq admit pf controversy; and it is evident wherever it is necessary to aver a consideration, tl^at it must he set forth, as welj that the court hiaf judge of the. sufficiency pf the consideration, as that the defendant may be apprised of the nature and founda-r tion pf the plaintiff ’s demand, and be therehy enabled to meet it. i'".
The plea. We think, ⅛ substantially good. ‘ A special request was in this chse necessary to give to the plaintiff a right of action, and ya? consequently traversable* It is true that according to ffee mudern practice the de- *86 fendaat ajightyutider. the general issue, put the plaintiff to the proof of such a request ; but it does ,not follow that it jni¿t not be traversed by- a special plea : for many thinjrwhichmay bp given in evidence under the general issue, may also be specially pleaded ; and this, we apprehend, is of that description.-
The judgment must be reversed with costs, and the cause remanded that new proceedings may be had not inconsistent with the foregoing opinion.