CASE 22.—ACTION BY MARIA LAKES AGAINST T. C. BRON-
STON'S ADMINISTRATOR ON A PROMISSORY
NOTE.—October 27, 1909.

## Bronston's Admr. v. Lakes

Appeal from Madison Circuit Court.

J. M. BENTON, Circuit Judge.

Judgment for plaintiff, defendant appeals.—Affirmed.

1. Bills and Notes—Actions—Pleading—Consideration—Neces-
sity of Alleging.—Act 1812 (Laws 1811-12, p. 180, c. 375, sub-
stantially readopted in Rev. St. 1852, c. 22, Sec. 2, Gen. St.
1873, c. 22, Sec. 2, and in Ky. St. 1894, Sec. 471, placing all
writings executed without seal for the payment of money,
etc., upon the same footing with sealed writings containing
like stipulations, abolished the common-law distinction be-
tween sealed and unsealed instruments, so that every written
promise imports a consideration, and hence it is not neces-
sary to allege a consideration in an action on a promissory
note.
2. Bills and Notes—Actions—Proof—Consideration—Necessity.
—If, in an action a note, which imports a consideration, the
pleader unnecessarily alleges a consideration, it must be
proved.
3. Bills and Notes—Actions—Burden of Proof—Want of Con-
sideration.—Where, in an action on a note, the considera-
tion therefor is impeached by a verified answer, the burden of
proving want of consideration is on the one alleging it.

J. A. SULLIVAN and S. A. WALLACE for appellants.

### CITATION OF AUTHORITIES.

Sec. 471, Ky. Stat.; Lord Mansfield in Pillans v. Van Mierop, 3 Bur-
rows, 1663; Rann v. Hughes, 7 Term R., 350, 4 Bro. P. V. 27; Bliss
on Code Pleadings, sec. 286; Phillips on Code Pleading; Letcher v.
Taylor, 2 Bibb, 585; Hart v. Coran, 3 Bibb, 26; Beauchamp & Yies-
ter v. Bosworth, 3 Bibb, 115; 26 Am. & Eng. Ency. of Law, 529; Pen-

dleton v. State Bank, 2 J. J. Met. 148; Johnson v. State Bank, 5 T.
B. Mon. 119; 26 Am. & Eng. Ency. of Law, 616; Covington v. Mc-
Nickle, 18 Ben Mon., 286; 2 Coke's Institutes, 200; Rosin v. Lid-
gerwood Mfg. Co., 89 N. Y., App. Div. 245; 26 Am. & Eng. Ency.
of Law, 610; Rodes v. Weldy, 46 O. St. 242, 15 A. St. Reps. 584;
Shaw v. Railroad Company, 101 U. S., 565.

SMITH & SMITH for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirm-
ing.

The appellee, Maria Lakes, instituted this action
against the administrator of Bronston, alleging that
Bronston "on the 5th day of May, 1892, executed and
delivered to her his promisory note, by which he
promised to pay her on the 2d day of August, 1892, the
sum of $1,000, with interest at the rate of 7 per cent.
per annum from date until paid, that no part of said
debt or interest had been paid, and that the same was
due and owing to her." She filed with and as a part
of her petition the note, reading: "On the 2d day of
August next I promise to pay Maria Lakes one thous-
and dollars with interest at the rate of seven per cent.
per annum from this date until paid, for value re-
ceived. May 5, 1892. T. C. Bronston."

The only question presented by the record is wheth-
er or not a general demurrer filed by Bronston's ad-
ministrator should have been sustained. In support
of the proposition that the demurrer should have been
sustained, counsel for appellant insist that the peti-
tion was fatally defective because it failed to aver the
consideration for the execution of the note. The ar-
gument of counsel is: "That at the common law, and
in the absence of a statute to the contrary, every con-
tract, except contracts under seal, which by law dis-
penses with the necessity of a consideration, and ne-

gotiable instruments which under the law merchant are presumed to have been given for a consideration, requires a consideration to support it; and as a necessary corollary thereto, it is incumbent upon the, pleader, in declaring upon such a contract, to both aver and prove a consideration for it.'' And that unless section 471, Ky. St. changes the rule, the lower court was in error in overruling a demurrer to the petition. The statute referred to reads: ''A seal or scroll shall in no case be necessary to give effect to a deed or other writing. All unsealed writings shall stand upon the same footing with  sealed  writings, having the same force and effect, and upon which the same actions may be founded. . But this section shall not apply to, nor shall it alter, any law requiring the state or county seal, or the seal of a court, corporation, or notary, to any writing.'' Counsel  correctly state the common-law rule; and, if it controlled the practice in cases like this, the argument that the petition in failing to aver a consideration did not state a cause of action would be well taken. At the common law there was a marked difference in the effect given to a sealed and an unsealed instrument of writing. In the case of deeds and other writings of like import the seal was as necessary as the signature to make it a valid and enforceable instrument. Indeed at common law contracts were classed as simple or sealed contracts. All contracts, whether verbal or reduced to writing, but not under seal, were simple contracts, and written contracts under seal were spoken of as sealed contracts. A contract, although in writing, unless a seal was attached, was treated as a parol contract, and it was necessary in declaring on it to set out the consideration, and also to prove it. Interesting information concerning the origin, use, and necessity

for seals upon deeds and written contracts, and the difference between sealed and unsealed instruments, can be found in Blackstone's·Commentaries, book 2, p. 305; Chitty's Pleadings, vol. 1, p. 299; Chitty on Contracts, vol 1, p. 5.

In this state, prior to the act of 1812 (Laws 1811-12, p, 180, c 375), the distinction between sealed and unsealed instruments of writing was recognized by our court, and it was held in a number of cases to be necessary, in declaring upon what might be termed a simple contract—that is a verbal contract or a contract in writing but not sealed—to aver the consideration for its execution. Thus in Letcher v. Taylor 2 Bibb 585 a common-law action of debt was brought upon an agreement in writing but without a seal. The declaration contained no averment of the consideration upon which the agreement was made. In·ruling that the general demurrer interposed should have been sustained the court said: "The objection to the declaration for want of an averment of the consideration of the agreement is fatal. In a case founded upon a deed or a mercantile instrument as the law in such a case implies a consideration, none is necessary to be stated in the declaration; but in all other cases the consideration, not being implied, must be averred." To the same effect is Hart v. Coram, 3 Bibb, 26; Beauchamp v. Bosworth, 3 Bibb, 116; Jackson v. Berry, 3 Bibb, 85.

But in 1812 the Legislature enacted: "That all writings hereafter executed, without a seal or seals, stipulating for the payment of money or property, or for the performance of any act or acts, duty or duties, shall be placed upon the same footing with sealed writings, containing the like stipulations; receiving the same consideration in all courts of justice;

and to all intents and purposes having the same force and effect and upon which the same species of actions may be founded, as if sealed.'' This act was in substance readopted in 1852 as a part of the Revised Statutes, and may be found in chapter 22, Sec. 2, was again re-enacted in the adoption of the General Statutes of 1873, chap. 22, sec. 2, and readopted in sec. 471, as a part of the Kentucky Statutes, in 1894. So that since 1812 there has been in effect no distinction between sealed and unsealed instruments of writing. A writing without a seal stands on the same footing as a writing with a seal. The purpose and effect of the Act of 1812, as well as the subsequent legislation upon the same subject, was to abolish in every particular, both as to substance and procedure, the common law distinction between sealed and unsealed instruments. Since the enactment of this legislation, every writing signed and delivered, whereby the obligor unconditionally promises to do a specified thing, imports a sufficient consideration, and it is not necessary in declaring on it to aver that it was executed for a consideration, or to prove that there was any consideration for its execution, unless the consideration is denied. But, if in declaring on a writing that imports a consideration, thereby dispensing with the averment that it was executed for a consideration, the pleader unnecessarily sets out the consideration, he must prove it. Steadman v. Guthrie, 4 Metc. 147; L. & N. R. Co. v. Literary Society, 91 Ky. 395, 15 S. W. 1065, 13 Ky. Law Rep. 5.

And so the consideration of any writing with or without a seal may be impeached or denied by a pleading verified by oath, as authorized by section 472 of

the Kentucky Statutes. But when so denied, the burden of proving the want of consideration is placed on the person relying on this plea to defeat the action. Andrews v. Hayden, 88 Ky. 455, 10 Ky. Law Rep. 1049, 11 S. W. 428; Trustees v. Fleming, 10 Bush, 234; Brann v. Brann, 44 S. W. 424, 19 Ky. Law Rep. 1814; Keisewetter v. Kress, 68 S. W. 633, 24 Ky. Law Rep. 405.

The court properly overruled the demurrer and the judgment is affirmed.