## Radford's Admrs. v. Harris.

(Decided October 13, 1911.)

## Appeal from Henry Circuit Court.

1.  Decedent's Estate—Action on Note—Plea of Non Est Factum—
    Limitation—No Consideration—In an action upon a note executed
    by a testator and to subject land to its payment, the defense inter-
    posed by the administrators, with the will annexed, was 1st, non
    est factum; 2nd, no consideration; 3rd, the statutes of seven and
    fifteen years' limitation—Held, That as to the defense of non est
    factum, the burden of proof was on appellee, but that as to the
    other grounds of defense, it was upon appellants.

2.  Same—As the decedent paid the interest on the note to a date
    two years after its maturity limitation began to run from the date
    of the payment of the interest, instead of from the maturity of
    the note, and as the action was brought before the expiration of
    the fifteen years from the payment of the interest, it was not
    barred by the statute.

3.  Same.—The action was not barred by Section 2529, Kentucky
    Statutes, which provides that a personal representative cannot be
    sued after seven years from the date of his making a final settle-
    ment, the proof showing that the one settlement made by the
    personal representatives was not a final settlement, and, moreover,
    that there could not be, under the testator's will, a final settle-
    ment of the estate before the death of his widow, which occurred
    only a few weeks before the institution of appellant's action,
    though more than seven years after the one partial settlement
    was made by the personal representative.

MOODY & BARBOUR for appellants.

WILSON D. CRABB for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

The controversy in this case is as to a $200 note, al-
leged to have been executed to the appellee, Mary Har-
ris, by J. Radford, deceased, July 15th, 1893, made pay-
able one day after date, and on the back of which was
entered, as of July 15th, 1895, a credit showing interest
paid thereon to that date. Judgment was sought in the
court below against the administrators with the will
annexed of the decedent's estate for the amount of this
note and acrued interest, and for a sale of a tract of
land, left by the decedent, to pay same.

The administrators by answer, interposed the fol-
lowing grounds of defense: Non est factum; no con-

sideration; the statutes of seven and fifteen years limitation; and that the staleness of the claim authorized the administrators to refuse its payment. The answer also pleaded payment or satisfaction of the note by appellee's acceptance of certain legacies bequeathed her by the will of J. Radford; but this ground of defense was abandoned in the circuit court, or, at any rate, is now conceded by appellants' counsel to be untenable. The circuit court gave judgment in favor of appellee, and the administrators have appealed.

It appears from the record that J. Radford married a sister of the appellee, and that the latter for many years before Radford's death lived with him and his wife at their home in Henry County. Radford died in 1901 leaving a will whereby, after directing the payment of his debts and making certain small specific legacies, he bequeathed to appellee a note of about $4,000 on W. T. and Otto VanCleave, and in addition, $3,000 to be paid her in money or land, as she might elect. All the residue of the testator's considerable estate, real and personal, was devised to his wife for life, with remainder to certain nephews and nieces of the testator named in the will. The will directed that the real estate and personalty devised the wife for life be converted into money by the executors at her death, and the proceeds distributed among the remaindermen. The will was duly probated and the three executors named therein, at once qualified as such. In 1903 they made a settlement of their accounts in the Henry County Court. It appears from the settlement that the executors had paid all debts presented against the testator's estate and had left in their hands $8.70 in money. The testator's widow died in 1910, and the executors of the will having previously died, the appellants, A. M. Edwards, and B. D. Spurgin, were, by an order of the Henry County Court, appointed administrators with the will annexed of the testator's estate and duly qualified as such. Shortly after their appointment and qualification, appellee presented to them the note in controversy, verified as required by the statute, and demanded its payment. They refused to pay it, and the institution of this action immediately followed. Before the death of the widow of J. Radford, the appellee elected to take the $3,000 given her by his will, in addition to the note on the VanCleaves, in land; and out of a tract of 250 acres left by

the testator there was set apart to her by commissioners 91 1-4 acres, which she accepted in satisfaction of the legacy of $3,000. This left 158 3-4 acres of the land which appellants sold after the death of J. Radford's widow for $6,000, and this sum they proposed to distribute among the remaindermen named in the will of J. Radford, and as therein directed. By an amended petition filed by appellee she averred that there was no personal estate in the hands of appellants with which to pay her note; that she was entitled to have it paid out of the proceeds of the land, and she prayed that this be done out of the $6,000 held by them.

It is apparent that appellee received under the will of J. Radford the VanCleave note of $4,000 and $3,000 in land, making altogether $7,000. The fact that this amount was received by her out of his estate cannot, however, affect her right to recover of the administrators the amount of the note in controversy, if the latter have failed to sustain by the evidence the defense interposed by their answer. It is true they were not required to make good every ground of defense relied on; but to defeat a recovery it was incumbent upon them to establish one of them. As to the plea of non est factum, the burden of proof was on the appellee; but in respect to the other grounds of defense pleaded in the answer, viz.: No consideration, limitation, and the equitable estoppel growing out of the alleged staleness of appellee's claim, the burden of proof was on the appellants.

Discussion of the evidence on the issue made by the plea of non est factum will be unnecessary, except to say that it established beyond doubt the genuineness of J. Radford's signature to the note and his execution of that instrument. Indeed, no contradictory evidence, of consequence, was introduced by appellants.

The evidence on the issue of no consideration was not so satisfactory. Appellee's own testimony in chief was incompetent and the circuit court properly excluded it; but some of it brought out by appellant's counsel, on cross-examination, was competent. While some of it thus made competent was apparently confused and in part contradictory, owing, we think, to the severity of the cross-examination and her timidity as a witness; considered as a whole it showed that the execution of the note in question grew out of the following transactions: Radford, with whom and his wife appellee lived for

forty years, had loaned to one Carpenter $500 belonging to her and which she had inherited from her father's estate, and taken his note for it payable to her. After borrowing the money, Carpenter, upon his own petition or that of creditors, was adjudged a bankrupt. Radford collected from his estate $250 of the $500, due on the note held by appellee. The $250 thus collected by Radford for appellee he loaned to Wm. Kalfus, and when it was paid by Kalfus, Radford himself borrowed it of appellee; but in executing his note to her for some reason, she seemed unable to explain, made it a note for $200 instead of $250. According to her testimony, made competent on cross-examination, and that of her sister, Margaret Harris, Radford borrowed the entire $250, though $50 was not embraced in the note; but neither the $50 nor the note was ever paid to appellee by him. No claim has, however, been asserted by appellee against Radford's estate for the $50.

The testimony of Margaret Harris as to the execution of the note and the consideration therefor, was much more intelligible and comprehensive than that of appellee and sustained the version of it related above. Yet another witness, Mrs. Lottie Carter, testified to the same facts and in addition, that Radford, who often visited her home, repeatedly told her after the execution of the note and before his death, he owed appellee; that it was money he had borrowed of her, which had been collected of Carpenter and then loaned another person before he borrowed it; and that he had given appellee his note for the money borrowed of her.

Both Mrs. Carter and Margaret Harris also testified in substance that Radford, about the date of the payment of interest credited on the note, told them he had just paid appellee the interest thereon and that she had then gone to Louisville to spend it for finery. Mrs. Carter further testified that shortly before Radford's death he told her he had not paid the interest on appellee's note for some time, but should have done so.

In view of the evidence referred to, appellants' claim, that there was no evidence upon which to rest the circuit court's conclusion that the note was executed for a sufficient consideration, seems to us to be unwarranted. We have not overlooked the discrepancies between the statements of some of the witnesses, nor the inconsistency of some parts of the testimony with the conduct

usually manifested by persons sustaining to each other the relation of creditor and debtor; but notwithstanding the marks of weakness mentioned, as the burden of proof was upon appellants, and they did not contradict appellee's witnesses or show that the note was without consideration by more positive evidence of any kind, we are not prepared to say that appellee's evidence did not authorize the conclusion that there was a good consideration for the note.

We are also of opinion that the evidence failed to support appellant's defense of limitation. Appellee's action was instituted July 5th, 1910. While it is true the note sued upon became due July 16th, 1893, more than fifteen years before suit, as the interest was paid thereon to July 15th, 1895. by the obligor, Radford. the statute of limitation of fifteen years did not begin to run until July 15th, 1895, and fifteen years from July 15th, 1895, did not expire until July 15th, 1910, which was ten days after appellee's action was instituted. So, the action is not barred by the fifteen years' statute. It is, however, argued by counsel for appellant that the payment of interest on the note to July 15th, 1895, by Radford, is not established by the evidence. and if it was not so paid, the action is barred by the statute. We have already commented on the testimony of Margaret Harris and Mrs. Carter, as to the payment of the interest, July 15th, 1895, and again say, that in the absence of any evidence discrediting them, we cannot hold that the circuit court erred in accepting their testimony, together with the credit endorsed on the note, as sufficient proof of the payment of the interest.

We are also of opinion that appellee's action was not barred by the limitation fixed by section 2529, Kentucky Statutes, which provides that a personal representative cannot be sued after seven years from the date of his making a final settlement. While it is true the executors of Radford's will made a settlement in 1903, it did not purport to be and was not a final settlement; and it does not appear from the record before us that they were discharged from the duties imposed by the will by an order of the county court.

By the provisions of the will there could only be a final settlement of the estate after the widow's death, for it required the executors to convert the estate into cash at her death, and distribute it. After making the

partial settlement the executors all died, and appellants as administrators with the will annexed succeeded them.

What reason would there have been for their appointment, if their predecessors had made a final settlement of the estate? Appellants admittedly now hold for distribution $6,000 belonging to the testator's estate, and if there are valid claims against the estate which the executors did not have the money to pay, they must be paid by appellants. Manifestly, there has never been a final settlement of the estate.

Appellants' final contention that the note is a stale claim and for that reason its payment should have been refused, though argued with persuasive force, should not, in our opinion, prevail.

We are aware that the courts, independently of statutes of limitation, sometimes refuse relief to parties who have slept upon their rights, or have been negligent in asserting them; but this is because their laches would prevent the court from granting the relief sought without imposing a peculiar hardship upon another, or others, not in fault. In such case the laches of the party refused relief as well as the presumption of payment arising from the lapse of time, is made to operate as an equitable estoppel to a recovery, in order to prevent injustice being done the opposite party. But it can not be said in this case that the delay attending the prosecution of appellee's claim was wholly without excuse. It should be kept in mind that Radford was her brother-in-law and that the relations between them were affectionate. She made her home with him and he had in hand the management of her business. In view of these facts, and his well known solvency, it was not strange that she was content to let him defer payment of the note as long as he lived. Following his death it was ascertained by her that the executors did not have, as assets of his estate, enough money to pay her note and other debts against the estate in full; indeed, the settlement made by the executors shows that the payment of the other debts left only $8.70 in their hands. Appellee also knew that the real estate left by Radford was liable for her note, but as to enforce its payment by a sale of a part of the land would have deprived the widow, her sister, of the use of such part during her life, it may be supposed her affection for the latter made her unwilling to proceed to that extremity while the sister was living. In view of these

facts it should not be held that in deferring the collection of the note until after her sister's death, appellee was guilty of such inexcusable negligence as would require the rejection of her claim by the court on the ground of its staleness.

An additional reason for appellee's delay in enforcing the collection of the note, is found in the deposition of Otto VanCleave, who testified that he heard his father, W. T. VanCleave, one of the executors of the Radford will, advise appellee to "hold up" the collection of the note, as there were no funds in the hands of the executors to meet it. This shows that the executors, or one of them, knew of the existence of the note and explains why it was never presented to them for payment.

The parties and witnesses in this case were all known to the judge who tried it. It is, therefore, our duty to give to the judgment some weight and considering the case from the standpoint of triers of the facts, our conclusion is, that the evidence as a whole supports the judgment. Wherefore, it is affirmed.