## Sweeney, et al. v. Taylor's Executor.

(Decided July 1, 1924.)

### Appeal from Boyle Circuit Court.

1.  Bills and Notes—Requirements of Negotiable Instrument.—Negotiable instrument must be in writing, signed by maker or drawer, contain unconditional promise or order to pay certain sum of money on demand or determinable future time, be payable to order of specified person or bearer, and, where addressed to a

drawer, he must be named or otherwise indicated with reasonable certainty.

2. Bills and Notes—Indorsement Without Recourse Not a "Restricted Indorsement."—An indorsement of a promissory note without recourse is not a restricted indorsement within Negotiable Instruments Law, section 37, which under section 47 destroys negotiability, but a qualified one, which under section 38 does not impair negotiability.

3. Bills and Notes—Note Possessing Statutory Requisites is Negotiable.—The Negotiable Instruments Law having repealed Ky. Stats., section 483, which restricted the negotiability of promissory notes to those payable at a bank and discounted by a bank, any note conforming to section 184 of such law is negotiable and on the footing of a bill of exchange.

4. Limitation of Actions—Note Sold After Maturity Held Not on Footing of Bill of Exchange and Barred by Fifteen-Year Statute of Limitations.—A promissory note due and payable on January 1, 1907, assigned in blank before due, and after maturity repurchased by payee, and indorsed and transferred by payee "without recourse" over his original signature, was not on footing of a bill of exchange, and was barred by 15-year statute of limitations (Ky. Stats., section 2514), and not by five-year statute (section 2515).

NELSON D. RODES and PURYEAR & CLAY for appellants.

L. L. WALKER and JOE E. ROBINSON for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—Affirming.

On December 26, 1905, appellant Sweeney purchased from one Farris some lands in Boyle county, executing to Farris a note for $3,000.00, due and payable January 1, 1907, with interest. It was negotiable in form. On the second day of January, 1906, Farris transferred the note, by indorsement and delivery, to one Chestnut on receipt of $3,000.00 cash. Chestnut held the note until January 2, 1908, when he resold it to Farris for its face value, plus interest. Two days later Farris sold and transferred the note to appellee's intestate, Mary Belle Taylor, receiving from her, through her sister, Hannah B. Sweeney, $3,180.00 paid by check of Mrs. Sweeney. Mrs. Sweeney at that time, as we gather from the evidence, had in her hands about $4,500.00 belonging to her sister, Mary Belle Taylor, and it was with these funds that she purchased the note from Farris for her sister, who was present and taking part in the transaction. At the time Farris transferred the note to Mary Belle Tay-

lor he wrote on it, "Indorsed without recourse on me to Mrs. Mary Belle Scott" (Taylor), and this was followed by his signature. Chestnut's name does not appear on the note as indorser, and it seems that it was the purpose of both Farris and Chestnut to prevent Mrs. Sweeney as well as Mrs. Taylor from knowing that the note had been transferred by Farris to Chestnut, and in this it appears they were successful.

The question now presented is, whether the note sued on by the executor of Mrs. Taylor was on the footing of a foreign bill of exchange, at the time it was transferred from Farris to Mrs. Taylor, and therefore governed by section 2515, Kentucky Statutes, with respect to the time an action may be brought thereon, or, whether the note had been reduced to the basis of a common contract and was governed by the limitation fixed by section 2514, Kentucky Statutes.

Appellant insists that a negotiable promissory note once placed upon the footing of a bill of exchange is always thereafter on the footing of a bill of exchange and its limitation is controlled by section 2515, Kentucky Statutes, the five-year statute of limitations; while appellee insists that the note under consideration, if ever on the footing of a foreign bill of exchange, lost the attributes of negotiability and the equities arising in favor of a holder in due course, when it was resold to Farris, the original payee after maturity, and the reissue by Farris to Mrs. Taylor did not invest her with the equities and rights of a holder in due course, being subject to all the defenses existing between the original parties and was, therefore, to be classed as an ordinary contract subject to the fifteen-year statute of limitations, provided by section 2514, Kentucky Statutes.

We are of opinion that the indorsement and transfer of the note by Farris to Chestnut made Chestnut a holder in due course and he was not subject, as such, to the defenses existing between the original holders. Being a holder in due course the paper was upon the footing of a foreign bill of exchange and subject to the five-year statute of limitations. Section 2515, Kentucky Statutes.

Appellants insist that having once acquired the attributes of a foreign bill of exchange the note continued upon the footing until paid or barred by limitation, and that its retransfer thereafter to Farris, even after due, did not reduce it to the plane of an ordinary contract.

The courts are not agreed as to the effect which a resale of a negotiable instrument to the original payee has upon the payer, but the general rule seems to be that one who takes from the original payee after maturity is not a holder in due course and is not protected by the law which guards such *bona fide* holder for value. The rule is so stated in 8 C. J., pp. 466 and 470; 3 R. C. L., pp. 1015 and 1081. The federal courts adhere to this rule. Hatch v. Johnson, etc., 79 Fed. 828. Fifteen or more of the states have adopted a similar rule: Webster v. Howe Mach. Co., 54 Conn. 394; Weil v. Carswell, 119 Ga. 873; Dollarhide v. Hopkins, 72 Ill. Ap. 509; Berenson v. Conant, 214 Mass. 127; Batterbee v. Calkins, 128 Mich. 569; St. Charles Sav. Bank v. Edwards, 243 Mo. 553; Chariton Plow Co. v. Davidson, 16 Nebr. 374; Delvin v. Brady, 32 Barb. 518 (N. Y.); Tod v. Wick, 36 Ohio St. 370; Erie Boot, etc., Co. v. Eichenlaub, 27 Pa. 164; Hoye v. Kalashian, 22 R. I. 101; Shade v. Barnes, 35 S. D. 151; Elwell v. Tatum, 6 Tex. Civ. App. 397; Aragon Coffee Co. v. Rogers, 105 Va. 51; Andrews v. Robertson, 111 Wis. 334.

The reason for the rule that a *bona fide* holder of a negotiable paper has the right to sell the same, with all the rights and equities attaching to it in his own hands to whoever may see fit to buy of him, is well stated in the cases, *supra,* one of them saying:

"I am not aware that this rule has ever been applied to a purchase by the original payee, nor can I perceive that it is essential to the protection of the innocent indorsee, that it should be. It cannot be very important to him that there is one person incapable of succeeding to his equities, and who consequently would not be likely to become a purchaser. If he may sell to all the rest of the community, the market value of his security is not likely to be affected by the circumstance that a single individual can not compete for its purchase, especially when we consider that the nature of negotiable securities is such that their market value is very little influenced by competition. Nor do I perceive that any rule or principle of law would be violated by permitting the maker to set up this defense against the payee, when he becomes indorsee, with the same effect as he might have done before it had been sold at all, or that there is any valid reason against it. . . . If the defendant had a legal and just defense to the note,

either in whole or in part, arising from the conduct of the plaintiff it was the duty of the latter to recognize and allow it, and he had no moral right to cut it off, or to attempt so to do, by any transfer. But, having done so, and afterwards acquired the note the second time, the law, we think, will not permit him to take advantage of this wrong, but will remit the defendant to his original rights. Such, we think, should be the rule, because it avoids circuity of action, expense to the parties, and inconveniences to the courts, without, at the same time, endangering any substantial rights.'' Per Cooley, C. J., in Kost v. Bender, 25 Mich. 515 and 516.

The most recent case to which our attention has been called is that of Casner v. Schwartz, 201 S. W. (Mo.) 592, holding that while there are cases to the contrary, it is clear that the weight of authority supports the rule that where the payee in a negotiable instrument who repurchases the paper, is in the same attitude as if it had never been negotiated, and is subject to all the defenses existing between the original parties, and is therefore not on the footing of a foreign bill of exchange and is governed by the fifteen-year statute of limitations provided by section 2514, Kentucky Statutes.

If while the note is on footing of a bill of exchange, the five-year statutes run, thus perfecting the defense, if limitation is pleaded, an action cannot be maintained on the note by another to whom it has been assigned after the running of such statutes.

The trial court so ruled, thus allowing appellee, executor of Mrs. Mary Bell Taylor, to maintain an action against appellee, Sweeney, upon the note then due more than five years before the institution of the action, which ruling we approve.

Judgment affirmed.