## Richardson's Administrator v. Morgan et al.

(Decided March 4, 1930.)

LAVEGA CLEMENTS for appellant.

F. A. ROBY and L. P. TANNER for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

In the month of February, 1917, Thomas A. Morgan died testate and a resident of Daviess county, and during the same month his will was duly probated. In addition to some personal property of no great value, he owned a farm consisting of about 100 acres, and worth about $6,000. He bequeathed to his three maiden sisters Ellen S., Lou S., and Annie R. Morgan, and to the survivor, the sum of $300 a year to be paid out of his estate. The balance of his estate he devised and bequeathed to his wife, Fannie C. Morgan, during her life, and provided that his land should not be sold until after the death of his wife and his three sisters. He further provided that, after the death of his wife and his three sisters above mentioned, his estate should go to his three sons, Thomas C., Francis, and Robert C. Morgan. The Central Trust Company of Owensboro was appointed executor, but declined to act. Thereupon R. M. Stuart was appointed and qualified as administrator with the will annexed. The administrator took charge of the farm, rented it out, and paid the proceeds to the three sisters until the death of the last survivor on June 22, 1927.

On January —, 1889, the testator, Thomas A. Morgan, executed and delivered to his sister, Bettie M. Richardson, his promissory note for $1,000, payable on demand with interest from date. In the month of January, 1928, Bettie M. Richardson presented to the administrator the note supported by proper affidavit, and demanded payment, with interest.

On June 9, 1928, the administrator brought this action against the devisees, Thomas C. Morgan, Francis Morgan, and Robert C. Morgan, and against Bettie M. Richardson, for a settlement of the estate. In addition to the foregoing facts, he alleged that Bettie M. Richardson was the only creditor known to him, that her claim amounted to about $1,900, and that it would be necessary to sell the real estate in order to pay her claim. He asked that the cause be referred to the master commissioner to ascertain and report the amount of debts against the estate, and to settle his accounts as administrator, and also asked that the land be sold for the payment of debts and costs of administration, and that the balance be distributed between the defendants, Thomas C., Francis, and Robert C. Morgan.

Bettie M. Richardson filed an answer setting up the note in terms, and alleging that no part of the principal of the note had ever been paid, but that 23 annual installments of interest of $60 each had been paid on the note, paying the interest up to January 1, 1913, and that the last payment of interest was made in February, 1915. She further alleged that during the lifetime of the decedent she did not demand payment and did not demand payment of the principal sum until after the death of decedent and the qualification of Stuart as administrator of the will annexed. She further pleaded that she presented the note in the month of January, 1928, accompanied by the affidavit proving said claim as required by law, and demanded payment thereof. On October 8, 1928, the chancellor entered an order allowing the claim. Subsequently that order was set aside. In the meantime Bettie M. Richardson died, and the Fidelity & Columbia Trust Company was appointed her administrator, and the action proceeded in its name. The testator's sons filed exceptions to the claim, and, after hearing evidence on the question, the claim was rejected by the chancellor. From that judgment this appeal is prosecuted.

In view of our conclusion as to the merits of the claim, we deem it unnecessary to determine whether or

not the first order allowing the claim was one that the court might set aside at the subsequent term. The exceptions challenge the claim on three grounds: (1) No consideration; (2) limitation; (3) laches.

1. A promissory note imports a consideration, and the burden of proving want of consideration is on the maker. However, if the pleader unnecessarily sets out the consideration, he must prove it (Bronston's Adm'r v. Lakes, 135 Ky. 173, 121 S. W. 1021), and it is claimed that this case falls within the exception. With this contention we cannot agree. The pleading in this case did not set up the consideration. Without any averment as to the consideration, it merely set up the note in terms. The fact that the note contained the words "for value received" tended only to strengthen the presumption of consideration, and did not have the effect of changing the burden of proof.

2. As the note was never placed on the footing of a bill of exchange, the 15-year statute of limitation applies. Section 2514, Kentucky Statutes; Sweeney v. Taylor's Ex'r, 205 Ky. 390, 266 S. W. 665. A payment on a note is a sufficient acknowledgment of a debt to stop the running of the statute up to that time, and the period of limitation will then be computed from the date of payment. Kennedy v. Kennedy, 197 Ky. 784, 248 S. W. 182; Radford's Adm'rs v. Harris, 144 Ky. 809, 139 S. W. 963. Where, as in this case, the payments are denied, the mere putting of a credit on a note is not sufficient to stop the statute from running, unless there is evidence showing that the amount represented by the credit was paid by the debtor on the note. Brown's Adm'r v. Osborne, 136 Ky. 456, 124 S. W. 405. The question is whether the evidence to that effect is sufficient. The note in question is wholly in the handwriting of the testator. Of its genuineness there can be no doubt. All the credits, 23 in number, indorsed on the note, are in the handwriting of Bettie M. Richardson. We need concern ourselves only with the last indorsement of interest purporting to have been made during the month of February, 1915. At that time Mrs. Richardson was living with her sister Lou S. Morgan at 1458 South Sixth street, Louisville. On January 30 the testator, Thomas A. Morgan, drew an order on the Owensboro Banking Company, directing it to pay Lou S. Morgan $163.60. On the same day he wrote his sister Lou S. Morgan advising her that the bank would send her a check for $163.60, and adding,

"Please give Bettie $63.60." On a paper attached to the note appears the indorsement, "Paid $63.00 February —, 1915." The significance of this transaction cannot be ignored. It speaks louder than mere words, and there is no escape from the conclusion that the testator, finding that he was behind with the interest, added to the interest the sum of $3.60 to cover the delay, and told his sister to give that amount to Bettie, and that his sister complied with that request. The evidence being sufficient to show that this payment was made at the instance of the testator, the maker of the note, and the claim having been asserted by action within less than 15 years from the date of payment, it follows that the plea of limitation was not available.

3. But the point is made that the claim was properly rejected on account of staleness and laches. It must not be overlooked that mere delay, though unreasonable, that does not work a disadvantage to another, is not laches. McDonald v. Baker, 207 Ky. 293, 269 S. W. 338. The testator never changed his position because of the nonassertion of the claim, but was thereby enabled to preserve his estate. After his death, the condition of the devisees remained the same. Mrs. Richardson knew that the testator had directed that the farm be not sold until after the death of his wife and three sisters, and she also knew that, if she insisted on payment, it would deprive her sisters of their annual allowance. It is true that the testator's sons have been deprived of the benefit of his evidence, but, as he suggested in a letter, dated September 2, 1915, to his sister Lou, that perhaps Bettie might advance $50 to assist him, and listed among his liabilities an annual payment of $60 to Bettie, it is clear that he recognized the note as a valid demand, and we doubt not that, if he were here today, he would testify in favor of Mrs. Richardson. In our opinion, the delay was simply one that operated to the advantage of the testator and his devisees, and the plea of staleness and laches cannot be sustained. It follows that the claim should have been allowed by the chancellor.

Judgment reversed and cause remanded, with directions to enter judgment in conformity with this opinion.