## Michel et al. v. Rembold.

(Decided March 27, 1931.)

T. F. BIRKHEAD and LOUIS I. IGLEHEART for appellants.

E. B. ANDERSON and CARROLL E. BYRON for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

The appellee brought this suit against the appellants, who are her husband and her sister-in-law, on a note executed by them to her on September 29, 1924, in the principal sum of $2,000 and payable one year after date. At the time this note was executed, appellee and her husband were living together, but have since separated after a long married life. The appellants made defense on a number of grounds, among which were that the note had been executed to the appellee without consideration, and that through mutual mistake the due date of the note had been stated therein as one year after the date of the note, whereas it was to be due only after the death of appellee's husband. They asked for a reformation of the note to conform to its true due date in the event the court found it a binding obligation, and on

their motion the case was transferred to equity. After proof had been taken, the court declined to reform the due date of the instrument and gave judgment to the appellee for the full amount of the note. From that judgment this appeal is prosecuted.

The sole ground relied upon for a reversal in this court is that the proof shows that the note was given without consideration. The note being a negotiable promissory note, the burden of proof on the question of "no consideration" rested of course upon the appellants. Arnett v. Pinson, 108 S. W. 852, 33 Ky. Law Rep. 36; Denny v. Darraugh, 212 Ky. 655, 279 S. W. 1069. But three witnesses testified, the appellant Mrs. Michel, who gave no testimony bearing on this question of consideration, and Leora Rembold and John Henry Rembold, sister and brother, and niece and nephew of the appellant C. F. Rembold. It appears that, when these witnesses were very young children, the appellee and her husband, who were childless, took them after their father's death and under an agreement with their mother to rear, and that they lived with appellee and her husband during the years of their infancy and covering the period when this note was executed. Their testimony establishes that appellee's husband owned a farm upon which he raised hay, grain, and tobacco, and upon which there was also kept cows and chickens; that the boy John Henry did most of the milking, and the appellee, together with the assistance of these children, delivered the milk and butter to customers and collected the money for it. Appellee took care of the chickens and sold eggs and chickens to her customers. She deposited the proceeds of the butter, milk, eggs, and chickens in bank, together with an inheritance of about $200 which she had received from her people, and from these deposits she paid the grocery bills, the housekeeping expenses, a good deal of the food for the cows, clothed herself and the children, bought their schoolbooks, and sent them to school. After the girl passed 16 years of age, she grew restive under the control of her foster mother, left her home, and went to live with her mother in Louisville, but soon tired of that and seems to be living by herself in that city. She declined a high school or even a business education tendered her, preferring to go out into the world and make her living, which she is now doing as a waitress in a drug

store. She tesified for her uncle. The boy remained with the old people and testified for the aunt. They both agree that the appellant C. F. Rembold was very hard up, and that from time to time he would borrow money from his wife, and the boy testified that one time the appellant Rembold borrowed from his wife as much as $1,100, and another time $500, and similar sums at still other times. They both agree that appellee would take notes from her husband when he would borrow from her. Leora, while so testifying seems to think that these were not true loans because the money which her aunt let her uncle have, came in the manner above set out, but, as stated, the evidence shows that her aunt worked very hard for this money and no doubt she and her husband concluded that he had received all that he was entitled to when she paid off the bills for the home and much of the feed for the cows, and that whatever was left was hers. Her husband recognized her ownership of this money by borrowing it from her and by executing the notes. At the time the note here in question was executed, Leora admits that her aunt let her uncle have some money, but she is unable to state how much it amounted to. There is no showing that it was any less than the amount of the note. This case cannot be distinguished from the case of Dawson v. Dawson, 226 Ky. 750, 11 S. W. (2d) 933, and we are of opinion that, not only did the evidence fail to establish the defense of ''no consideration,'' but, on the contrary, affirmatively established that consideration was given.

Judgment affirmed.