## Lawyers' Realty Co. v. Bank of Ludlow et al.

(Decided Dec. 7, 1934.)

BLAKELY & MURPHY for appellant.

GALVIN & TRACY for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Affirming.

The trial court directed a verdict for $5,243.39 in favor of the Bank of Ludlow against the Lawyers' Realty Company, and it has appealed.

The Lawyers' Realty Company admits that on April 1, 1926, it, through Martin J. Brown, its president, executed a note for $6,000 to the Ludlow Savings Bank. There was then in Ludlow a bank known as Farmers' & Mechanics' Bank, which on July 15, 1926, increased its capital stock from $30,000 to $50,000, changed its name to the Bank of Ludlow, and continued its business in the same quarters. In some way and about this same time, the Ludlow Savings Bank was taken over by this Bank of Ludlow, and this note as one of the assets of the former passed into the hands of the latter, and this note was placed on the latter's liability ledger. John T. Murphy paid thereon $756.61 to the Bank of Ludlow on October 17, 1927, thus reducing the principal to $5,243.39. There have since been 16 payments of interest made by Murphy upon the note. The defendant's hope for reversal is rested on its plea of "No consideration" and the absence of an indorsement on this note transferring it to the Bank of Ludlow. The defendant denied that this note had been indorsed to the Bank of Ludlow, and it was not, but that is unnecessary.

The Bank of Ludlow came into possession of this note before its maturity, and while it can now, by section 3720b-49 Ky. Stats., require the Ludlow Savings Bank to indorse the paper, yet, so far as its being a holder in due course is concerned, that will be determined as of the date of the actual indorsement, so it must be held this note is subject to all defenses that the maker would have if it were still in the hands of the Ludlow

Savings Bank. The Bank of Ludlow without an indorsement of the note could sue upon it. See sections 3720b-49, 3720b-51, and 3720b-190 Ky. Stats., and Callahan v. Louisville Dry Goods Co., 140 Ky. 712, 131 S. W. 995.

### The Consideration.

Upon the Lawyers' Realty Company rested the burden of establishing by evidence its plea of "no consideration." Brown's Adm'r v. Wilson, 222 Ky. 454, 1 S. W. (2d) 767; Cheney's Adm'r v. Houston, 238 Ky. 410, 38 S. W. (2d) 198; Richardson's Adm'r v. Morgan, 233 Ky. 540, 26 S. W. (2d) 32; Michel v. Rembold, 238 Ky. 260, 37 S. W. (2d) 66.

The records of the Ludlow Savings Bank were introduced, and they show that on June 18, 1926, a note for $6,000 went into the assets of that bank and a note of John T. Murphy for $5,000 was paid off and Murphy was given credit for $1,000 on another note. That is all the evidence there is of any consideration. That was not enough to overcome the statutory presumption, of consideration for a negotiable note, created by section 3720b-24 Ky. Stats.

While there is in the records of the Ludlow Savings Bank nothing to show any money was that day placed to the credit of the Lawyers' Realty Company, yet there is nothing to show it did not receive cash for its note. Of course it is possible that the Lawyers' Realty Company gave this note to the bank, and that Murphy got credit therefor, but there is no proof that is the case. If that is what happened, it would have been very easy to show it, by introducing direct testimony on the question, yet the defendant attacked the question indirectly, and, after consuming two days' time and putting in 86 pages of evidence, it failed to close this important gap.

After the defendant had announced through with the introduction of evidence, both parties moved for a directed verdict. The court indicated the plaintiff's motion would be sustained, whereupon the defendant asked leave to introduce John T. Murphy, one of its stockholders, for the purpose of showing the Lawyers' Realty Company had received no part of the proceeds of this note, also for leave to introduce its books and records to which the plaintiff objected, and the court sustained that objection and declined to admit the proffered evi-

dence. The reopening of this case for the reception of this evidence was a matter within the discretion of the trial court. Larman v. Huey's Heirs, 13 B. Mon. (52 Ky.) 436; Town of Wingo v. Rhodes, 234 Ky. 385, 28 S. W. (2d) 465. Whether the court abused its discretion or not would depend on whether the proffered evidence was then at hand available, was competent, relevant, and admissible, and a satisfactory showing was made for failure to introduce it sooner. See 64 C. J. pp. 160, 161, secs. 180 and 181.

No attempt was made to meet any of these requirements, no avowal was made of what the proposed evidence would be, and all we know of it is contained in the defendant's conclusion that it would show the Lawyers' Realty Company received no consideration for this note. If the books and records of the Lawyers' Realty Company would merely show no entry concerning this note, they would not be admissible. See Lawhorn v. Carter, 74 Ky. (11 Bush) 7; Vandyke v. Memphis, N. O. & C. Packet Co., 71 S. W. 441, 24 Ky. Law Rep. 1283; Louisville R. Co. v. Kritzky, 162 Ky. 652, 172 S. W. 1051. Certainly we cannot say it was prejudicial error to decline to receive the testimony of Murphy when it is not shown by avowal or otherwise what it would be.

Judgment affirmed.

The whole court sitting.