## Farmers Nat. Bank of Glasgow v. Guthrie.

Nov. 29, 1940.

King Swope, Judge.

584

Terry L. Hatchett for appellant.

Robert M. Odear and Ben L. Kessinger for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

On May 22, 1928, appellee and defendant below, R. M. Guthrie, obtained from the appellant and plaintiff below, Farmers National Bank of Glasgow, Kentucky, $400, less discount of 7% per annum until the arrival of the due date, which was five months, making the proceeds of the note $388.33, for which amount defendant was given credit by the bank on its books, and which amount he soon thereafter checked out. At that time the cashier of the bank was P. W. Holman (since deceased) who appears to have been a friend of Guthrie; the later of whom had previously corresponded with his friend Holman inquiring if he could obtain a loan from his bank, which fact is more or less pertinent in the determination of the vital issue in the case, as will hereinafter more clearly appear.

In effecting the loan to the defendant, he, on the date mentioned, executed to his friend Holman, who was the cashier of the bank, a note for $400 due five months after date bearing seven per cent interest from date, although Guthrie then owed Holman nothing whatever, and the latter received no part of the proceeds. Holman immediately endorsed his name on the back of the note, and as cashier of the bank, he put to the credit of Guth-

rie on its books the net proceeds of the note after deducting the discount, and the latter obtained, as we have seen, the entire benefit thereof. The balance of the loan, less scattering payments made thereon, was renewed from time to time in the same manner; except no net proceeds were placed to the credit of Guthrie upon such renewals, since he had already obtained the full amount upon the original loan, and when renewals were made the preceding note was cancelled and surrendered. The last renewal was executed in the same manner on October 10, 1931, and was for $200 payable four months thereafter "with interest at seven per centum from date until paid."

This action was brought in the Fayette Quarterly Court by the bank against Guthrie to recover on the last renewal, and in the action an attachment was obtained and levied upon certain property. Defendant by his answer did not deny the ground of attachment and defended solely upon the five-year limitation prescribed in Section 2515 of Baldwin's 1936 Revision of Carroll's Kentucky Statutes, applicable to actions upon "a bill of exchange" and which defense was, of course, bottomed upon the theory that the note sued on was in fact a bill of exchange from and after the time it was endorsed by Holman and retained by the bank as a part of its assets. An amended petition—thereupon filed by plaintiff—set out the facts as to the consideration of the instant note and averred that, although the form adopted by defendant and his friend Holman, representing the bank, would, perhaps, place the note on the footing of a bill of exchange, yet the transaction was in fact made with Holman as the representative of the bank and that the rights of the parties, as well as the nature of the obligation sued on, should be considered and determined by the circumstances attending the transaction, and not by the shadow adopted by the two friends by and through which the loan was conceived, agreed to, and executed, whatever their purpose may have been in doing so.

Defendant answered that amendment by a denial, and the parties went to trial resulting in a judgment in that court in favor of plaintiff for the amount sued for. Defendant appealed to the Fayette Circuit Court, where a trial was had before the court—a jury being waived—and it applied the five-year statute of limita-

tions and dismissed plaintiff's action, to reverse which the latter has filed a transcript of the record with this court with a motion for an appeal.

Counsel for both parties have labored assiduously in the preparation of their briefs in an effort to convince this court of the correctness of their respective contentions, and in doing so have cited many cases, as well as sections of our Negotiable Instruments Act, Kentucky Statutes, Section 3720b-1 et seq., relating to various questions with respect to liability of endorsers, holders in due course, negotiability of the particular instrument, etc.; but which we conceive as beside the question to be determined, and which is, whether or not it is competent for the parties to prove the actual transaction as it was agreed to and understood at the time, although it might differ from its picture as drawn by them at that time? It is a well settled rule, universally applied, at least by this court, that it is competent to prove by parol testimony the relationship of parties to such instruments as is the one sued on herein to be different from what their position would appear to be from the face of the instrument itself. It is conceded (but if not it is, nevertheless, a well established principle in the law) that if this note had been made payable to "P. W. Holman, Cashier", it would then be, in substance, and effect, an obligation executed to the bank of which he was cashier. The testimony in the case undisputably shows that such was in fact the transaction between Guthrie and Holman, and continued to be such with reference to the execution of each renewal note following the first loan. Such facts were proven by the records of the bank and they are undisputed.

But it is said that the Negotiable Instruments Act creates a presumption that the transaction occurred as is depicted from the face of the executed obligation, and that the records of the bank are insufficient to overcome that presumption. The case of Lawyers' Realty Company v. Bank of Ludlow, 256 Ky. 675, 76 S. W. (2d) 920, is cited and relied on. In that case, however, the introduced records failed to prove any fact tending to overcome the presumption, which in that case concerned and related exclusively to whether or not the instrument sued on was supported by a sufficient consideration. Our holding therein that the introduced records failed to overcome the presumption of consideration was not

based upon the fact that such evidence was incompetent for that purpose, but upon the fact that the records after being introduced failed to disprove the presumption. It would be a wide departure, indeed, from universally recognized practice to hold that the records of institutions like banks disclosing facts as they occurred at the time possess no probative force of the occurrence of those recorded facts, or, if so, not enough to disprove a prima facie presumption, provided the recorded facts, if true, were sufficiently convincing for that purpose. They undoubtedly were so in this case, and as proven by the record they clearly show that the transaction here involved was nothing more nor less than a straight borrowing by Guthrie from the plaintiff bank of the original loan, the remnant of which is evidenced by the note sued on, and we unhesitatingly conclude that the court erred in determining otherwise.

It is conceded that if the facts were as we have so determined them, then the fifteen-year statute of limitations prescribed in Section 2514 of our Statutes, supra, applies, since in that event the obligation sued on never became clothed with the habiliments of a bill of exchange so as to bar an action on it after the lapse of five years from the time the action thereon accrued. Statutes of limitations, though they might be considered as founded in a sound public policy, nevertheless have the effect of destroying all remedy for the enforcement of rights, and for which reason it should plainly appear that the case is one to which the limitation relied on is applicable.

Wherefore, for the reasons indicated, the motion for the appeal is sustained; the appeal is granted, and the judgment is reversed, with directions to set it aside, and for proceedings consistent with this opinion.