## In re AMERICAN ELEVATOR & MACHINE CO.
No. 11203.

District Court, W. D. Kentucky, at Louisville.
Sept. 24, 1947.

J. Blakey Helm, of Louisville, Ky., for petitioner.

D. A. Sachs, Jr. and D. L. Street, both of Louisville, Ky., for debtor.

SHELBOURNE, District Judge.

The Security Bank, a Kentucky Banking Corporation, of Louisville, filed its petition to reopen bankruptcy proceedings and compel the American Elevator and Machine Company to comply with the plan of reorganization approved by this Court by a final decree entered September 11, 1936.

The American Elevator and Machine Company filed its petition under Section 77B of the Bankruptcy Act, 11 U.S.C.A. § 207.

The plan of reorganization, submitted at a later date, provided that the holders of common stock in the corporation would surrender stock to the extent of the then present book deficit, leaving the actual book value of the common stock, after reorganization, $74,085.41.

Two paragraphs of the plan of reorganization are involved in the proceeding at this time.

"Paragraph No. 4. The Articles of Incorporation of the Company will be amended, authorizing the issuance of preferred stock which will be issued to all unsecured creditors in the amount of their respective claims, at par. (This stock will bear no dividend.) Said amendment to the Articles of Incorporation shall further provide that said preferred stock shall be retired out of profits made in the operation of said business, when and as said profits are made and declared distributed by a Board of Direc-

tors, and no dividend shall ever be declared or paid upon the common stock until after said entire issue of preferred stock shall have been fully paid and retired.

"Paragraph No. 5. The common stockholders shall return and give back to the corporation in the proportions of their respective holdings, an amount of their stock to its present book deficit; said stock shall be received by said corporation as donated capital and shall be transferred to surplus, thereby eliminating said deficit."

It will be noted that the proposed plan provided that the stock issued to the unsecured creditors, in an amount equal to their respective claims, was preferred stock, which according to the plan would bear no dividend and which preferred stock, the plan contemplated, would be retired "out of profits made in the operation of said business when and as said profits are made and declared distributed by a Board of Directors."

It was also provided that the holders of the common stock would not be entitled to any dividend upon that stock until after the retirement of the entire issue of preferred stock.

In the effort to consummate the plan approved by the Court, the articles of incorporation were amended and the amendment, in providing for the issuance to the current creditors of the preferred stock, provided that the stock *"may be retired* by the company at any time" rather than as provided in the proposed plan that the preferred stock *"shall be retired* out of profits made in the operation of said business when and as said profits are made and distributed by a Board of Directors". (Emphasis added).

The amendment further provided that the preferred stock should have no voting power.

The Security Bank alleges that none of the preferred stock has ever been retired in whole or in part; that the holders of the certificates of preferred stock have received no notices of stockholders' or directors' meetings and have not been permitted to participate in the operation of the corporation and have not been advised of any of its plans or policies and have been refused access to the corporate records, claiming that since 1941, the American Elevator has

made and accumulated profits, so that its accumulated surplus on December 31, 1944, amounted to $194,998.54; that the Security Bank learned late in 1945 that such profits had been accumulated and in February 1946, for the first time, learned that the amendment to the Articles of Incorporation filed in pretended compliance with its proposed plan of reorganization was not actually in compliance with the plan as approved by this Court and that thereupon it made its demand upon the American Elevator and its directors for the retirement of the preferred stock out of profits which had accrued; that its demand was refused.

The certificates of preferred stock are in the form usually evidencing common stock and were identified as certificates of preferred stock only by the word "Preferred" printed diagonally across them.

No reference was made in the certificates to any restriction as to the right of the holders to participate in the profits of the corporation and none to the restriction in the amended article of incorporation depriving the owners of the preferred stock of any voting power, the form of the certificate being—

The American Elevator on June 7, 1946, filed its motion to dismiss, claiming that the petition of the Security Bank sought to have the Court change and modify the plan of reorganization as approved by the entry of the final decree and that said final decree terminated the action and precluded any creditor, stockholder or party in interest, questioning any of the steps taken in consummation of the proposed plan of reorganization.

The American Elevator's motion was overruled, for the reason that the Court was of the opinion that the petition to reopen in no wise sought a change in the plan of reorganization, but, rather a compliance by the debtor with the plan of reorganization as proposed by the debtor and as authorized by the Court.

No mention is made in American Elevator's proposed plan of reorganization that the creditors to whom the plan proposed to have issued the preferred stock would be denied the voting power. The proposed plan did not, by its terms, vest the voting power exclusively in the holders of common stock, nor did it specifically provide that the holders of the preferred stock would not

"Incorporated Under the Laws of
Kentucky

Number (208)     *Preferred*   American Elevator & Machine Co
Louisville, Ky.     (8000) Shares

This Certifies That—Security Bank—is the owner of
............Eight Thousand and 00............Shares of the
Capital Stock of
American Elevator & Machine Co

transferable only on the Books of the Corporation by the holder hereof in person or by duly authorized Attorney on surrender of this Certificate properly endorsed.

In Witness Whereof the duly authorized officers of this Corporation have hereunto subscribed their names and caused the corporate Seal to be hereto affixed

Seal   this —— day of May 1936 Louisville, Ky. A.D. 1936

S. N. Schweigert
    Asst. Secy.

R. I. Phillips
Pres.

Shares ($1.00) Each"

be permitted to vote in the management of the corporation.

The holders of common stock were required to surrender stock equal to the amount of the then existing indebtedness.

■ Unless the right to vote is expressly withheld, the holders of preferred stock have the right to vote at corporate meetings.

It is competent for a corporation, in issuing certificates of preferred stock, to provide, in the absence of constitutional or statutory restrictions, that the holders of such preferred stock shall not be entitled to vote the same at the stockholders' meetings. 18 C.J.S., Corporations, § 548, p. 1243. Kentucky Constitution, Section 207.

■ When the creditors accepted preferred stock, they ceased to be corporate creditors. Hamlin v. Toledo, St. Louis & Kansas City Railroad Co., 6 Cir., 78 F. 664, 36 L.R.A. 826; Hazel Atlas Glass Company v. Van Dyk & Reeves, 2 Cir., 8 F.2d 716, 719.

In the last named case, it was said: "He (preferred stockholder) is, like the holders of the common stock, merely a stockholder, but with this difference, that he is entitled to priority of payment out of the assets which remain after all debts are paid." * *

The Kentucky Court of Appeals, in the case of Williams v. Davis, 297 Ky. 626, 631, 180 S.W.2d 874, 876, says: "The general rule of corporate law is that in the absence of constitutional or statutory provisions, it is within the power of a corporation to provide in its charter or stock certificates that holders of the preferred stock shall have no voting power * * *. The matter is one purely of agreement between the two classes of stockholders."

In Swaim et al. v. Martin, 302 Ky. 381, 390, 194 S.W.2d 855, 860, it is said: "The right of voting at a corporate meeting is an incident of ownership, and in the absence of a statute or agreement the right to vote the stock, as between the corporation and the person endeavoring to vote, it follows the legal title."

There is in the record, nothing which evidences any agreement on the part of those who agreed to become holders of the preferred stock proposed to be issued to them in settlement of valid claims held by them against the American Elevator, which indicated that they would be prohibited from voting at corporate meetings, and they had every legal right to assume, in considering the proposed plan of reorganization, that they would be entitled to vote, because such right was inherent in their ownership of the stock.

By the certificate of stock, identified as preferred stock only by the word "Preferred" being printed diagonally across the certificate, they were again assured of their voting rights, because no mention of any restriction of such right appeared in the certificate.

Though the plan was approved and the amendment to the articles of incorporation contained for the first time that restriction, there is no showing that any of those to whom the preferred stock was issued, ever received any actual notice that the articles contained the clause "and to have no voting power"; nor did they receive any notice except such as may be imputed to them by reason of the recording of the amended articles of incorporation in the office of the County Clerk of Jefferson County, Kentucky.

■ The holders of the stock had every right to presume that the amendment to the articles of incorporation would not contain any restrictions not embodied in the plan of reorganization.

■ Constructive notice, arising out of the recording of the amended articles, is not such notice as would preclude the holders of the preferred stock, upon discovery that the amendment to the articles of incorporation went further than authorized by the plan of reorganization, from seeking a correction of the final judgment or procuring a reopening of the case as here sought.

■ It is true that the Security Bank has waited a long time to raise the question here involved; that is, whether the reorganization was in conformity with the plan of reorganization proposed by the judgment of this Court. It is to be presumed that the holders of the preferred stock did not wait for almost 10 years to

exercise the right to vote their stock, which the plan of reorganization and the certificate of stock issued to them indicated that they had. However, as said by the Kentucky Court of Appeals in Richardson v. Morgan, 233 Ky. 540, 26 S.W.2d 32, 33:— "It must not be overlooked that mere delay, though unreasonable, that does not work disadvantage to another, is not laches."

The delay has benefited, rather than prejudiced the corporation.

Counsel for American Elevator has not pointed out any statute of limitation upon which it relies in this case. Their failure to do so indicates their agreement with opposing Counsel that no statute of limitation is applicable.

Therefore, it is my conclusion that this case should be reopened for the purpose of carrying into effect the plan of reorganization which the American Elevator submitted and which was accepted by this Court. However, the reopening is limited to such ultimate judgment as will protect the rights of bona fide creditors not including stockholders and officers of the American Elevator Company, who have extended credit to the reorganized corporation, in reliance upon the charter provision restricting the voting power of the preferred stock.

Judgment will be submitted by Counsel for the Security Bank, upon notice to Counsel for the American Elevator and Machine Company.