**E. C. ROSE, Appellant,**

v.

**Jack CALLAHAN, Appellee.**

Court of Appeals of Kentucky.

Dec. 9, 1955.

Kash C. Williams, Jackson, for appellant.

O. J. Cockrell, Jackson, for appellee.

MONTGOMERY, Judge.

This is the second appeal of this case. See Rose v. Callahan, Ky., 246 S.W.2d 582. The evidence on both trials was substantially the same, so reference is made to the first opinion for statement of the facts.

Appellant sued on a note; appellee answered with a general denial. On the first trial, appellee received a verdict and judgment, which was reversed on appeal.

Upon the return of the case for a second trial, appellee filed an amended answer by which he pleaded that no consideration was given for the note. On the trial, appellant testified that the note was given for store accounts. Appellee said that the note was given appellant in the trade of appellee's interest in a hardware business sold to appellant's brother. The parties to the action had been partners in the business.

Appellant, unknown to his brother, was to receive $1,000 of the purchase price, as represented by the note. The total purchase price of $12,000 was paid by appellant's brother to appellee. Appellee admitted receiving the payment, as well as the execution and delivery of the note. He did not deny that the note was unpaid, nor did he give any explanation for the failure to pay. He stated he had not intended to pay the note when he made it. Apparently, appellee felt that he should not be bound by a questionable side deal with appellant in which both participated equally. No question of fraud was raised by the pleadings. A jury trial resulted in a second verdict for appellee.

Among other grounds urged for reversal, appellant contends that the verdict is not sustained by the evidence, in that appellee failed to prove no consideration was given for the note.

Every negotiable instrument is deemed prima facie to have been issued

for a valuable consideration. KRS 356.024. In an action on a note, the burden of proof of no consideration is on the maker of the note. Radford's Adm'rs v. Harris, 144 Ky. 809, 139 S.W. 963; Brown's Adm'r v. Wilson, 222 Ky. 454, 1 S.W.2d 767; Michel v. Rembold, 238 Ky. 260, 37 S.W.2d 66; Cheney's Adm'r v. Houston, 238 Ky. 410, 38 S.W.2d 198; Lawyers' Realty Co. v. Bank of Ludlow, 256 Ky. 675, 76 S.W.2d 920; Silver v. Overhead Door Co., 311 Ky. 650, 225 S.W.2d 115.

The testimony of appellee failed to sustain the burden of proof on his plea of no consideration. Instead, his statement proved that there was consideration for the note growing out of the transfer of the hardware business. It is true that the consideration for the note, according to appellee, was a different consideration from that stated by appellant, but the proof of a different consideration will not sustain a plea of no consideration. Since there was an absence of proof showing no consideration, the verdict is contrary to the evidence.

The judgment is reversed with instructions to direct a verdict in favor of appellant if the evidence on another trial is substantially the same as on the previous trials.